STATE v. W. A. HARRINGTON AND TOBE TILLEY.

(Filed 2 October, 1918.)

**Criminal Law— Larceny—"Recent Possession"— Presumptions— Burden of Proof—Instructions—Trials.**

Where there is sufficient evidence of "recent possession" of stolen property, the burden still rests upon the State to prove the defendant guilty, throughout the trial, beyond a reasonable doubt; and a charge that the defendant should be acquitted if his explanation raised a reasonable doubt nullifies the duty of the State to exclude such doubt from the minds of the jury, and deprives the defendant of his right to have them pass upon the weight and credibility of the other evidence in the case.

INDICTMENT tried before *Calvert, J.,* and a jury, at May Term, 1918, of LENOIR.

Defendants were indicted for the larceny of harness and other property. They were tried and convicted, and from the judgment upon the verdict they have appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*F. L. Sutton and Cowper, Whitaker & Hamme for defendants.*

WALKER, J. We need consider but one exception, which was taken to the judge's charge, that a presumption arises from the recent possession of stolen goods. In this connection it was stated by the court that while there is this presumption, more or less strong as the possession is more or less recent, the defendants had the right to explain the fact of possession, "and if the testimony offered by them in explanation raises a reasonable doubt of their guilt, they are entitled to an acquittal." The explanation, which was that defendants had purchased the property from another, was not all of the testimony in the case tending to show the innocence of the defendants. There were other relevant facts and circumstances, which the jury had the right to consider, upon this question. It was not incumbent on the defendants to take the burden of raising a reasonable doubt as to their guilt, but there was a presumption of their innocence, and the burden was upon the State throughout the trial to exclude all such reasonable doubts. This instruction was equivalent to saying that there was a presumption of guilt from the recent possession, which prevailed, unless explained by the defendant, and that if defendants had explained it so as to raise a reasonable doubt in the minds of the jury, they were entitled to an acquittal, thereby giving full play to the recent possession as raising a presumption, if the explanation itself did not raise the necessary doubt without adverting to the other

evidence. The instruction was calculated to mislead the jury into the error that the guilt of the defendants turned upon whether the explanation was a satisfactory one, whereas it should have been made to turn upon all the evidence, that of the State and the defendants, and the sole inquiry should have been whether the State had carried successfully its proper burden and satisfied the jury, beyond a reasonable doubt, of their guilt. The charge clearly gave too much force to the fact of possession as presumptive evidence of guilt. This presumption was raised against them, as stated by the court, and substantially only one phase in favor of the defendants was presented to them in that connection, which really put the burden on them to explain the possession satisfactorily, with the consequence of guilt impliedly intimated, if they failed to do so. The rule of law which presumes innocence and places the burden upon the State to show guilt beyond a reasonable doubt was practically nullified, although it was said, generally, in another part of the charge, that such was the rule.

The instruction, though somewhat dissimilar in phraseology, is not in effect different from that given in *S. v. McRae,* 120 N. C., 608, which was held to be erroneous. As in that case, it allowed too much weight to the possession as a circumstance showing guilt. A very succinct, but at the same time a sufficiently exhaustive, discussion by *Justice Allen* as to the true nature of recent possession of stolen property as proof of guilt, will be found in *S. v. Ford,* 175 N. C., 797. He refers to the case of *S. v. Scipio Smith,* 24 N. C., 406, where *Judge Gaston* said, regarding the presumption of guilt arising from the recent possession of stolen goods: "From necessity, the law must admit, in criminal as well as civil cases, presumptive evidence; but in criminal cases it never allows to such evidence any *technical* or *artificial* operation beyond its natural tendency to produce belief under the circumstances of the case. . . . But when we examine the cases in which such a presumption has been sanctioned, or consider the grounds of reason and experience on which the presumption is clearly warranted, we shall find that it applies *only* when this possession is of a kind which manifests that the stolen goods have come to the possessor by his own act or at all events with his undoubted concurrence." The possession there was not more recent than it is in this case.

Further commenting upon our former cases concerning this question, it is said in the *Ford case:* In *S. v. Graves,* 72 N. C., 485, *Pearson, C. J.,* says that the presumption does not arise except when "the fact of guilt must be self-evident from the bare fact of stolen goods," and *Hoke, J.,* in *S. v. Anderson,* 162 N. C., 571, that it is only when "he could not have reasonably gotten possession unless he had stolen them himself." The principle is usually applied to possession which involves custody about

the person, but it is not necessarily so limited. "It may be of things elsewhere deposited, but under the control of a party. It may be in a store-room or barn when the party has the key. In short, it may be in any place where it is manifest it must have been put by the act of the party or his undoubted concurrence." *S. v. Johnson,* 60 N. C., 237. The presumption, when it exists, is one of fact, not of law, and is stronger or weaker as the possession is more or less recent and as the other evidence tends to show it to be exclusive. *S. v. Rights,* 82 N. C., 675; *S. v. Record,* 151 N. C., 697.

It is further said, in *S. v. Ford, supra:* "The doctrine of recent possession, as applied in the trial of indictments for larceny, frequently leads to the detection of a thief, when without it the guilty would go free, but the temptation to shift evidence of guilt from one to another, and the ease with which stolen property may be left on the premises of an innocent person, make it imperative that the doctrine be kept within proper limits," citing 2 Pleas of the Crown, 289, where *Lord Hale* says of this presumption that "It must be very warily pressed."

The presumption, where it applies, being one of fact, and not conclusive of guilt, the Court should have carefully instructed the jury as to its nature and proper scope, and how they might consider it as evidence, in view of the facts of the case. The jury could not have convicted the defendants, even if they had offered no explanation of the fact that the goods were found in the stable, provided they were satisfied from the other facts and circumstances in evidence, or from the fact of the possession and its attendant circumstances, that the evidence was not strong enough to convict by excluding all reasonable doubt from their minds.

But it is sufficient to say that it was error to make a verdict of acquittal depend upon the failure of defendants to explain the possession, even by implication.

There are other errors assigned, but in view of what has been said they need not be discussed, though they may be meritorious.

New trial.