### STATE v. ROBERT EARL HOLLOWAY.

(Filed 10 November, 1965.)

**1. Larceny § 7—**

Evidence tending to show that an inventory of television sets owned by a corporation disclosed that sets having serial numbers listed were missing, and that two or three weeks later six of the sets so identified were found in possession of defendant or in the joint possession of defendant and his codefendant, *held* sufficient to overrule nonsuit.

**2. Larceny § 8—**

In a prosecution for larceny of goods having a value in excess of $200, the court must instruct the jury that the burden is upon the State to show that the value of the goods exceeded $200 in order to sustain a conviction

of the felony, it being established by verdict of the jury that defendant did not commit the larceny pursuant to an unlawful breaking and entering. G.S. 14-72.

APPEAL by defendant from *Clark, Special Judge*, May 16, 1965 Assigned Criminal Session of WAKE.

At October "A" Criminal Session 1963, Robert Earl Holloway (appellant), Boyd Allen Wilhelm and Oscar Timothy Robinson were indicted in a bill containing three counts, to wit: First, feloniously breaking and entering a certain building occupied by Telerent, Inc.; second, larceny of television sets of said corporation of the value of $2,700.00; and third, receiving said television sets with knowledge they had been stolen and with felonious intent. The indictment alleged said criminal offenses were committed in Wake County, North Carolina, on May 21, 1963.

At December 9, 1963 Criminal Session, Holloway (appellant) and Wilhelm were placed on trial on the first and second counts in said indictment. The solicitor elected to take a *nol. pros.* with leave as to the third count. As to each defendant on trial, the jury returned a verdict of guilty as charged in said first and second counts. Separate judgments imposing prison sentences were pronounced. Wilhelm did not appeal. Holloway did appeal and this Court, at Fall Term 1964, *S. v. Holloway*, 262 N.C. 753, 138 S.E. 2d 629, ordered a new trial on account of prejudicial error in the charge.

Holloway (appellant) was placed on trial again at the May 16, 1965 Assigned Criminal Session on the first and seconds counts in said indictment. At the conclusion of the trial, the jury returned a verdict of not guilty of breaking and entering as charged in the first count and, as to the second count, a verdict "of Guilty of Larceny as charged in the Bill of Indictment." Judgment, imposing a prison sentence of not less than six nor more than eight years, was pronounced. Defendant excepted and appealed.

*Attorney General Bruton, Deputy Attorney General Lewis and Staff Attorney Magner for the State.*
*Douglas F. DeBank for defendant appellant.*

PER CURIAM. Evidence for the State tends to show: Approximately a week prior to May 21, 1963 an inventory was taken of television sets owned by Telerent, Inc., and stored in its warehouse at 613 West North Street, Raleigh, N. C. On May 23, 1963, upon discovering that many television sets were missing, employees of Tele-

rent, Inc., took another inventory, determined that 37 sets were missing, and listed the model and serial numbers of the missing sets.

Evidence for the State tends to show each of six of the television sets taken from said warehouse was in the possession of appellant alone or in the joint possession of appellant and his codefendants at a time generally identified as the last of May or the first of June 1963. As indicated, the State relies largely on the presumption arising from the possession of goods recently stolen. In our view, the evidence was sufficient to warrant submission to the jury; and defendant's assignment of error directed to the denial of his motion for judgment as of nonsuit is without merit.

The court instructed the jury as follows: "Now, with reference to the second charge in the bill of indictment, that of larceny, I instruct you that if the State has satisfied you from the evidence and beyond a reasonable doubt that on or about the 21st day of May, 1963, in Wake County, the defendant Robert L. Holloway feloniously took and carried away property, that is, television sets of Telerent, Inc., without its consent or consent of its agent and against the will of said corporation and that said property was taken and carried away by the said Robert Earl Holloway, either alone or with others, with felonious intent to deprive Telerent, Inc., of its property permanently and feloniously and used and converted same to his own use or the use of some other than the owner, not entitled to the use thereof, if you find these facts beyond a reasonable doubt, the burden being on the State to satisfy you, it would be your duty to return a verdict of guilty of larceny as charged in the second count of the bill of indictment." Defendant excepted to this instruction on the ground that it did not require the State to prove or the jury to find beyond a reasonable doubt that the value of the television sets stolen by defendant was in excess of $200.00.

In *S. v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91, it is stated: "Except in those instances where G.S. 14-72, as amended, does not apply, we are of opinion, and so decide, that to convict of *the felony* of larceny, it is incumbent *upon the State* to prove beyond a reasonable doubt that the value of the stolen property was more than $200.00; and, this being an essential element of the offense, it is incumbent upon the trial judge to so instruct the jury." It is noted that the verdict of not guilty as to the first count establishes that defendant did not commit the alleged larceny pursuant to an unlawful and felonious breaking and entering and therefore G.S. 14-72, as amended, does not apply.

Absent such breaking and entering, a verdict of guilty of larceny

of property valued at $200.00 or less was permissible; and the jury should have been so instructed. *S. v. Cooper, supra.*

For failure of the court to instruct the jury in accordance with our decision in *S. v. Cooper, supra,* defendant must be and is awarded a new trial as to the second (larceny) count of said indictment.

New trial.