STATE v. EDWARD HERRING.

(Filed 24 November, 1965.)

**1. Criminal Law § 71—**

The evidence for the State *held* sufficient to support a finding that defendant's confession was freely and voluntarily made, notwithstanding defendant's evidence *contra*, and the admission of the confession in evidence was not error.

**2. Larceny § 8—**

Unless the larceny was by breaking and entering, the trial court is required to charge that the jury must find beyond a reasonable doubt that the value of the property exceeded $200 before the jury can find defendant guilty of the felony.

APPEAL by defendant from *Bickett, J.,* May Criminal Session 1965 of WAKE.

Defendant was tried upon a bill of indictment charging him with the larceny of an automobile. Defendant entered a plea of not guilty. From a verdict of guilty of larceny of an automobile as charged, and a sentence of not less than four nor more than seven years in the State's Prison, at hard labor, defendant appeals, assigning error.

*Attorney General Bruton, Deputy Attorney General Harrison Lewis, Staff Attorney Fred P. Parker, III, for the State.*
*Alfonso Lloyd, R. P. Upchurch for defendant.*

PER CURIAM. Defendant assigns as error the admission in evidence of a purported confession made by defendant to Jack Richardson, an S.B.I. agent, while under arrest for escape.

The trial judge, in the absence of the jury, heard the evidence of the State bearing on the voluntariness of the confession and the evidence offered by defendant with respect thereto.

Defendant, a prisoner, was assigned to work at the Motor Pool of the State of North Carolina. Defendant's hours were from 12 o'clock noon until 9 o'clock at night. On 17 May 1962, about 8:30 p.m., it was discovered that defendant was missing from his place of work at

the Motor Pool. The next morning it was discovered that a State-owned 1962 Chevrolet 4-door automobile, bearing North Carolina permanent license No. PA 702, was missing. This car was found on 18 May 1962 in Garland, North Carolina, by the Garland Police Department and was delivered, undamaged, to the State. Defendant was thereafter arrested at his home near Garland and returned to Raleigh.

Defendant testified on *voir dire* that he told Mr. Richardson that he took the automobile and that he made this statement to Mr. Richardson upon the "promise to me that I might get a small sentence." Mr. Richardson testified that he made no promise whatever to defendant; that defendant made his confession after defendant had a talk with his mother in his (Richardson's) presence as to whether or not he should talk to him (Richardson) about it. His mother said, "She wanted him to go ahead and tell the truth and get the matter straightened out."

The court below held that whatever statement defendant made to the officer was free and voluntary on the part of the defendant and was without coercion.

The facts in this case are not like those in the case of *Escobedo v. Illinois*, 378 U.S. 478, 12 L. Ed. 2d 977, and this assignment of error is overruled.

Defendant assigns as error the failure of the court below, in its charge to the jury, to require the jury to find beyond a reasonable doubt that the property alleged to have been stolen by defendant exceeded the value of $200.00 before the jury could find defendant guilty of larceny as charged in the bill of indictment. This assignment of error is well taken and a new trial is granted on authority of *S. v. Cooper*, 256 N.C. 372, 124 S.E. 2d 91 and *S. v. Holloway*, 265 N.C. 581, 144 S.E. 2d 634.

New trial.