STATE v. JOHNNY REUBEN JONES

No. 34

(Filed 11 July 1969)

1. **Criminal Law § 146— Supreme Court — nature of appellate jurisdiction — supervisory powers**

The Supreme Court, in the exercise of its power of "general supervision and control over the proceedings of the other courts," considers the trial court's instructions in a criminal prosecution where such consideration is necessary to determine the significance of the jury's verdict, even though no question as to error in the instructions was presented to the Court of Appeals. Constitution of North Carolina, Art. IV, § 10.

2. **Larceny §§ 9, 10— larceny of property in excess of $200 — verdict of "guilty as charged" — judgment**

In a prosecution upon indictment alleging the larceny of personal property of a value in excess of $200, a felony, verdict of "guilty as charged in the bill of indictment" must be considered as a verdict of guilty of larceny of personal property of a value of $200 or less, a misdemeanor, where trial court failed to charge that the burden was on the State to satisfy the jury beyond a reasonable doubt that the value of the stolen property was more than $200; hence, judgment of three years' imprisonment imposed upon the jury's verdict is in excess of the legal maximum and is vacated and the cause remanded for pronouncement of judgment as for misdemeanor-larceny.

**3. Larceny § 4— felonious larceny — indictment — allegation of value of property**

Where neither larceny from the person nor by breaking and entering is involved, an indictment for the felony of larceny must charge, as an essential element of the crime, that the value of the stolen goods was more than $200.

**4. Larceny § 5— felonious larceny — plea of not guilty — issues**

A plea of not guilty to an indictment charging the felony of larceny puts in issue every essential element of the crime and constitutes a denial of the charge that the value of the stolen property was more than $200.

**5. Larceny § 9— verdict — value of stolen property**

G.S. 14-72 does not require that the jury fix the precise value of the stolen property, the only significant legal issue being whether the value thereof exceeds $200.

**6. Larceny §§ 5, 8— felonious larceny — value of stolen property — burden of proof — instructions**

Except in those instances where G.S. 14-72, as amended, does not apply, it is incumbent upon the State in order to convict of the felony of larceny to prove beyond a reasonable doubt that the value of the stolen property was more than $200; and, value in excess of $200 being an essential element of the offense, it is incumbent upon the trial judge to so instruct the jury, even in the absence of defendant's request therefor.

**7. Larceny § 8— felonious larceny — value of stolen property — instructions**

Where indictment charges, and all the evidence tends to show, that the value of the stolen property was more than $200, the jury, under appropriate instructions, must find from the evidence beyond a reasonable doubt that this is the fact; in such case, an instruction with reference to guilt of misdemeanor-larceny is inappropriate.

**8. Larceny § 8— evidence of value of stolen property — instructions**

When there is evidence tending to show the value of the stolen goods was more than $200 and other evidence tending to show the value thereof was $200 or less, the jury should be instructed that if they find that defendant is guilty of larceny and the value of the stolen property was more than $200 it would be their duty to return a verdict of guilty of felony-larceny, but that if they find defendant is guilty of larceny but fail to find that the value of the stolen property was more than $200 it would be their duty to return a verdict of guilty of misdemeanor-larceny.

**9. Indictment and Warrant § 9— several counts — necessity for completeness of each count**

In an indictment containing several counts, each count should be complete in itself.

ON writ of *certiorari* to the Court of Appeals.

The indictment on which defendant was tried contained three counts. The first charged that defendant on November 17, 1967, with

intent to steal, did wilfully and feloniously break and enter a certain building occupied by Wesley Lovett, trading and doing business as J & W Frame Works. The second charged defendant, "after having unlawfully, wilfully and feloniously broken into and entered" Lovett's building, with the larceny of certain personal property of Wesley Lovett "located therein." The third charged defendant with receiving the same personal property of Wesley Lovett with knowledge it had been stolen.

The personal property referred to in the second and third counts is described in each as follows: "One Craftman electric drill, valued at $60.00; a Black-Decker electric screwdriver, valued at $50.00; one air nailing machine, valued at $200.00."

The evidence bearing upon the fair market value of the tools described in the indictment and referred to in the evidence is summarized as follows: Lovett testified he paid $54.00 for the electric drill, had used it for a year, and that it was worth $30.00 or $40.00. He testified the electric screwdriver was worth $30.00. He testified he had *leased* the "nailing machine" and was charged $185.00 for the right to use it. He testified he did not know the fair market value of the "nailing machine"; that it had been used for less than a year; and that he himself had made necessary repairs.

At the trial before Crissman, J., at June 3, 1968 Criminal Session of Guilford Superior Court, High Point Division, only the first and second counts were submitted to the jury. The jury returned this verdict: "1. Not guilty of breaking and entering. 2. Guilty as charged in bill of indictment."

The judgment pronounced by Judge Crissman, which imposed a prison sentence of three years, contains the recital that defendant had been "found guilty on the second count of larceny in excess of $200.00."

Upon defendant's appeal, the Court of Appeals affirmed. 3 N.C. App. 455, 165 S.E. 2d 36. On defendant's application, this Court granted *certiorari*.

Defendant, an indigent, was represented at trial and in subsequent appellate proceedings by court-appointed counsel.

*Attorney General Morgan and Staff Attorney Vanore for the State.*

*Sammie Chess, Jr., for defendant appellant.*

BOBBITT, J.

Defendant based his petition for *certiorari* on two grounds: First, he asserted the trial court erred in denying his motion for nonsuit;

and second, he asserted the trial court erred in treating the verdict on the second count as a conviction of larceny of personal property of a value in excess of two hundred dollars, a felony, and in imposing a prison sentence of three years.

The denial of defendant's motion for nonsuit was proper. Evidence offered by the State and by defendant, respectively, is summarized by Judge Morris in her opinion for the Court of Appeals. Suffice to say, the evidence, when considered in the light most favorable to the State, was sufficient to require that the first and second counts in the indictment be submitted for jury determination.

Criminal prosecutions on bills of indictment containing similar charges are of such frequent occurrence throughout the State that this Court deemed it appropriate to grant *certiorari* in order to reconsider, clarify and restate certain of the rules applicable in trials involving factual situations similar to that here under consideration.

The first count charged the felony defined in G.S. 14-54. The jury having returned a verdict of "Not guilty" with reference thereto, further discussion of the first count is unnecessary.

The second count charged the larceny of personal property of the value of more than two hundred dollars, a felony. Nothing else appearing, the verdict, "Guilty as charged in bill of indictment," indicates the jury found from the evidence beyond a reasonable doubt all essential elements necessary to constitute the felony charged in the second count. However, examination of the court's instructions discloses that, in charging the jury with reference to the second count, no instruction was given to the effect that, prerequisite to finding defendant guilty of felony-larceny, the State had to satisfy the jury from the evidence beyond a reasonable doubt *either* that the alleged larceny was committed by defendant after "unlawfully, wilfully and feloniously" breaking into and entering Lovett's building, *or* that the value of the personal property stolen by defendant was more than two hundred dollars.

[1] Defendant did not except to and assign as error any portion of the court's instructions to the jury. Hence, no question as to error in the charge was presented to the Court of Appeals. Even so, we have elected, in the exercise of the "general supervision and control over the proceedings of the other courts" vested in this Court by Article IV, Section 10, of the Constitution of North Carolina, to consider the charge, this being necessary to determine the significance of the jury's verdict on the second count.

It seems clear that Judge Crissman held, and rightly so, that, in view of the verdict of "Not guilty" on the first count, the verdict

on the second count cannot be considered as including a finding that defendant committed the alleged larceny "after having unlawfully, wilfully and feloniously broken into and entered" Lovett's building. Under these circumstances, the court's failure to instruct the jury with reference to this element of the crime charged in the second count is not germane to decision on this appeal.

[2]    Under the circumstances and for the reasons stated below, we hold it was error for the court to treat the verdict on the second count, "Guilty as charged in bill of indictment," as a verdict of guilty of larceny of personal property of the value of more than two hundred dollars, a felony, and to pronounce judgment imposing a prison sentence of three years.

In *State v. Cooper*, 256 N.C. 372, 124 S.E. 91, after full consideration of the statutes and decisions prior and subsequent to the Act of 1913 (Public Laws of 1913, Chapter 118) which, as amended, was codified as G.S. 14-72, this Court, undertaking to resolve any inconsistencies in prior decisions, decided these propositions:

[3]    1.   Where neither larceny from the person nor by breaking and entering is involved, an indictment for the *felony* of larceny must charge, *as an essential element of the crime,* that the value of the stolen goods was more than two hundred dollars. Accord: *State v. Slade,* 264 N.C. 70, 140 S.E. 2d 723; *State v. Fowler,* 266 N.C. 667, 147 S.E. 2d 36; *State v. Ford,* 266 N.C. 743, 147 S.E. 2d 198; *State v. Davis,* 267 N.C. 126, 147 S.E. 2d 570; *State v. Bowers,* 273 N.C. 652, 654, 161 S.E. 2d 11, 13.

[4, 5]    2.   A plea of not guilty to an indictment charging the felony of larceny puts in issue every essential element of the crime and constitutes a denial of the charge that the value of the stolen property was more than two hundred dollars. G.S. 14-72 does not require that the jury fix the precise value of the stolen property. The only issue of legal significance is whether the value thereof exceeds two hundred dollars.

[6]    3.   Except in those instances where G.S. 14-72, as amended, does not apply, to convict of the *felony* of larceny, it is incumbent *upon the State* to prove beyond a reasonable doubt that the value of the stolen property was more than two hundred dollars; and, value in excess of two hundred dollars being an essential element of the offense, it is incumbent upon the trial judge to so instruct the jury. Accord: *State v. Holloway,* 265 N.C. 581, 583, 144 S.E. 2d 634, 635; *State v. Herring,* 265 N.C. 713, 144 S.E. 2d 846; *State v. Matthews,* 267 N.C. 244, 148 S.E. 2d 38. The basis for this requirement is the

elementary proposition that the credibility of the testimony, even though unequivocal and uncontradicted, must be passed upon by the jury.

**[2, 6]** Here, as in *State v. Cooper, supra,* the court failed to charge that, before the jury could return a verdict of "Guilty as charged in bill of indictment," the State was required to satisfy the jury from the evidence beyond a reasonable doubt that the value of the stolen property was more than two hundred dollars. This was an essential feature of the case, embraced within the issue raised by defendant's plea of not guilty and arising on the evidence; and the court, although defendant made no request therefor, was required to give such instruction. *State v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53, and cases cited. Absent such instruction, the jury did not fix the value of the stolen property as in excess of two hundred dollars. Hence, the verdict on the second count did not establish defendant was guilty of larceny of personal property of a value in excess of two hundred dollars, a felony.

The legal propositions declared in *State v. Cooper, supra,* set forth above and applied herein, are reaffirmed. Decisions in conflict therewith, including *State v. Brown,* 266 N.C. 55, 145 S.E. 2d 297; *State v. Stubbs,* 266 N.C. 274, 145 S.E. 2d 896; *State v. Brown,* 267 N.C. 189, 147 S.E. 2d 916, may not, to the extent of such conflict, be considered authoritative. For a discussion of relevant decisions subsequent to *State v. Cooper, supra,* see 3 Wake Forest Intramural Law Review 1-11.

**[7, 8]** Although an indictment charges, and *all* the evidence tends to show, that the value of the stolen property was more than two hundred dollars, *the jury,* under appropriate instructions, *must find* from the evidence beyond a reasonable doubt that this is the fact. In such case, there is no basis, and it is inappropriate, for the court to instruct the jury with reference to a verdict of guilty of misdemeanor-larceny, a less degree of felony-larceny within the meaning of G.S. 15-170. *State v. Summers,* 263 N.C. 517, 139 S.E. 2d 627; *State v. Hemphill,* 273 N.C. 388, 160 S.E. 2d 53. However, when there is evidence tending to show the value of the stolen goods was more than two hundred dollars and other evidence tending to show the value thereof was two hundred dollars or less, the jury should be instructed in substance as follows: If you find from the evidence beyond a reasonable doubt that the defendant is guilty of larceny and that the value of the stolen property was more than two hundred dollars, it would be your duty to return a verdict of guilty of felony-larceny; however, if you find from the evidence beyond a reasonable

doubt that the defendant is guilty of larceny but fail to find from the evidence beyond a reasonable doubt that the value of the stolen goods was more than two hundred dollars, it would be your duty to return a verdict of guilty of misdemeanor-larceny. Too, it would be appropriate to give such instructions where the evidence, although sufficient to support a finding that the value of the property involved was more than two hundred dollars, is equivocal and susceptible of diverse inferences.

The propositions reaffirmed herein are analogous to the decisions of this Court with reference to what is necessary to allege and establish in order to convict of felony-larceny when the value of the stolen goods is two hundred dollars or less and the basis of the State's contention is that the larceny was by breaking and entering a building.

In *State v. Fowler, supra,* defendant was tried on the first and second counts of a three-count bill of indictment. The jury returned a verdict of guilty (1) of feloniously breaking and entering a certain building occupied by one J. M. McLamb, as charged in the first count, and (2) of larceny of personal property of J. M. McLamb, to wit, $128.30 in cash, as charged in the second count. The portion of the judgment of the court below imposing a prison sentence of ten years on the second count was vacated and the cause was remanded for the entry of a new judgment based upon defendant's conviction of the larceny of property of the value of two hundred dollars or less, to wit, a misdemeanor. Decision was based on the fact that the second count contained no allegation that the larceny was from a building by breaking and entering or by other means of such nature as to make the larceny a felony. Accord: *State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165; *State v. Morgan,* 268 N.C. 214, 222, 150 S.E. 2d 377, 383; *State v. Bowers, supra; State v. Massey,* 273 N.C. 721, 725-726, 161 S.E. 2d 103, 106-107.

[9]    It is noted that "(i)n an indictment containing several counts, each count should be complete in itself. *S. v. McCollum,* 181 N.C. 584, 107 S.E. 309." *State v. McKoy,* 265 N.C. 380, 144 S.E. 2d 46.

In *State v. Bowers, supra,* the opinion states: "Where an indictment charges larceny of property of the value of two hundred dollars or less, but contains no allegation the larceny was from a building by breaking and entering, this Court has held the crime charged is a misdemeanor for which the maximum prison sentence is two years, notwithstanding all the evidence tends to show the larceny was accomplished by means of a felonious breaking and entering."

Seemingly, in *State v. Stevens*, 252 N.C. 331, 113 S.E. 2d 577, and in *State v. Morgan*, 265 N.C. 597, 144 S.E. 2d 633, the necessity that the indictment allege all facts essential to constitute felony-larceny was overlooked. Suffice to say, these two decisions, to the extent they conflict with the decisions cited in the preceding two paragraphs, may not be considered authoritative.

Reference is made to: (1) Chapter 522, Session Laws of 1969, which rewrites G.S. 14-70 and G.S. 14-72; and (2) Chapter 543, Session Laws of 1969, which amends G.S. 14-51 and rewrites G.S. 14-53, 14-54, 14-55, 14-56 and 14-57. Although attention is called to these statutory modifications, for present purposes it is sufficient to say that nothing in these 1969 Acts impairs or modifies the legal propositions declared in *State v. Cooper, supra,* set forth above and reaffirmed and applied herein.

[2]   Our conclusion on this appeal is as follows: The jury having failed to find that the larceny of which defendant was convicted related to property of a value of more than two hundred dollars, the verdict must be considered a verdict of guilty of larceny of personal property of a value of two hundred dollars or less. This being a misdemeanor, the judgment imposed a sentence in excess of the legal maximum. Hence, although the verdict will not be disturbed, the judgment is vacated; and this decision will be certified to the Court of Appeals with direction to remand the case to the Superior Court of Guilford County for the pronouncement of a judgment herein as upon a verdict of guilty of misdemeanor-larceny.

Error and remanded.