STATE OF NORTH CAROLINA v. MOSES TEEL

No. 737SC807

(Filed 9 January 1974)

1. **Criminal Law § 122— inability of jury to agree — additional instructions proper**

Trial court's supplemental instruction requesting further deliberation after the jury had announced its failure to agree was not coercive where the judge repeatedly cautioned the jurors not to surrender a conscientious opinion one might have about the case, suggested to the jury that if they failed to reach a verdict, the case would have to be tried again, and urged the jury to try to reach a verdict.

2. **Larceny §§ 9, 10— larceny of property with value greater than $200 —**
**failure to instruct on value — verdict of guilty — misdemeanor larceny**
**— sentence**

     In a prosecution for felonious breaking and entering and larceny
of tobacco worth $3400 where there was no finding of guilty of the
breaking and entering, a verdict of guilty of felonious larceny or of
guilty of misdemeanor larceny was permissible under appropriate in-
structions; however, since the jury in this case was not instructed as
to its duty to fix the value of the property in question, the verdict
must be considered as a verdict of guilty of misdemeanor larceny, and
judgment of imprisonment for a period of not less than three nor more
than five years imposed upon defendant is greater than the maximum
allowed for a misdemeanor and is vacated.

APPEAL by defendant from *Brewer, Judge,* 21 May 1973
Session of Superior Court held in WILSON County. Argued in the
Court of Appeals on 14 November 1973.

Defendant was charged in a bill of indictment, sufficient
in form, with (1) the felony of breaking and entering, and (2)
the felony of larceny of property after such breaking and enter-
ing and of a value of $3,400.00.

The State's evidence tended to show the following: On 5
May 1972 a tobacco packhouse belonging to one Adrian Bass,
was broken into and 22 sheets of tobacco belonging to Adrian
Bass were stolen. The value of the tobacco so stolen was
$3,400.00. On 7 November 1972 defendant sold some of the
stolen tobacco in Danville, Virginia.

Defendant's evidence tended to show that he was elsewhere
at the time of the alleged breaking and entering and at the time
of the sale of the tobacco in Virginia.

   The jury found defendant not guilty of the felonious break-
ing and entering, but guilty of the felonious larceny. Defendant
was sentenced to a term of three to five years imprisonment,
which sentence was suspended upon stated conditions. Defendant
appealed.

*Attorney General Morgan, by Assistant Attorney General
Wood, for the State.*

   *Charles L. Becton for the defendant.*

BROCK, Chief Judge.

[1]   Defendant assigns as error that the trial judge coerced the
jury into finding defendant guilty of larceny.

The record discloses that the jury deliberated from 4:35 p.m. until 6:00 p.m. on one afternoon and from 9:05 a.m. until 10:10 a.m. the next morning. The jury came into open court and its foreman announced that it had agreed upon a verdict as to one count in the indictment but stood eleven to one as to the other count. The trial judge instructed the jury as follows:

"Members of the Jury, the Court gives you the following instructions. Listen very carefully to what I have to say.

"I don't want any member of the Jury to surrender any conscientious opinion that he or she has about these cases, but you know the reason we select a jury and let twelve jurors discuss the case, is so that each member of the jury can express his or her opinion and also consider the opinion of the fellow jurors. It is very rare that all twelve would have the same opinion to begin with. We want the benefit of your combined judgment. And, it may be that you have an idea that you want the other members of the Jury to consider. Maybe some of the others have ideas that you ought to consider. In the final analysis, members of the Jury, we are seeking to determine the truth of the matter.

"So far as I know, you members of the Jury have all of the information or all of the evidence available in this case. If we should have a failure of agreement now, it would mean that the case would have to be tried over again, which would mean added expense, and in the final analysis some twelve jurors are going to have to decide this case. And, inasmuch as you members of the Jury have all of the evidence any other twelve jurors would have, I am hoping that you can determine it, but as I stated at the outset, I do not ask and would not permit a single one of you, members of the Jury, to participate in a verdict that did not reflect your conscientious opinion. I don't ask or want you to do that. I want you to consider the views of the members of the Jury.

"I might say there is no reason to hurry in this case. So, at this time, members of the Jury, I will let you resume your deliberations and see if you can reach a verdict in this case. You may retire.

"May I say, if you determine that you cannot resolve your differences, let us know."

The record discloses that the jury thereafter deliberated from 10:48 a.m. to 11:03 a.m. before returning its verdict of not guilty on the breaking and entering count and guilty on the larceny count.

The charge to which defendant objects must not be read in detached portions. When viewed as a whole, it is clear that the trial judge repeatedly cautioned the jurors not to surrender a conscientious opinion one might have about the case. Defendant argues, however, that it was improper for the court to suggest that if this jury failed to reach a verdict, the case would necessarily have to be tried again. Defendant contends that a mistrial is not always followed by a retrial and, therefore, the suggestion that the case would have to be tried again was untrue and misleading.

The statement that in event of failure of agreement by the jury the case would have to be tried over again, while not accurate in the sense of a retrial being an absolute necessity, was accurate as a generality. Considering the supplemental charge as a whole, it was merely an expression of hope that the jury would decide the case if it could do so without any juror abandoning a sincere and conscientious belief. The supplemental charge, considered contextually, could not reasonably have a coercive effect.

*U. S. v. Harris,* 391 F. 2d 348, relied upon by defendant, is clearly distinguishable. In *Harris* the trial judge, in giving supplemental instruction to the jurors, advised them that a previous jury had failed to agree.

While we urge that trial judges must be extremely careful in the manner of requesting further deliberation after the jury has announced its failure to agree, we hold that the supplemental instructions given in this case were not coercive. This assignment of error is overruled.

[2] Defendant assigns as error the acceptance by the trial judge of a verdict of guilty of felonious larceny after a verdict of not guilty of breaking and entering.

The following is stated in *State v. Holloway,* 265 N.C. 581, 144 S.E. 2d 634: "It is noted that the verdict of not guilty as to the first count [felonious breaking and entering] establishes that defendant did not commit the alleged larceny pursuant to an unlawful and felonious breaking and entering and therefore

G.S. 14-72, as amended, does not apply." Absent a finding of guilty of the breaking and entering, a verdict of guilty of larceny of property of a value of more than $200.00 (a felony), or of guilty of larceny of property of a value of $200.00 or less (a misdemeanor), was permissible under appropriate instructions. In this case, however, the jury was not instructed as to its duty to fix the value of the property in question. Therefore, as was done in *State v. Jones*, 275 N.C. 432, 168 S.E. 2d 380, the verdict in this case must be considered as a verdict of guilty of larceny of property of a value of $200.00 or less (a misdemeanor).

The judgment of imprisonment for a period of not less than three nor more than five years entered in this case is greater than the maximum allowed for a misdemeanor. The judgment is vacated and this cause is remanded to the Superior Court for pronouncement of judgment herein as upon a verdict of guilty of misdemeanor larceny.

Error and remanded.

Judges CAMPBELL and PARKER concur.