STATE OF NORTH CAROLINA v. SPENCER LILLY

No. 7529SC48

(Filed 16 April 1975)

1. **Larceny § 7— doctrine of possession of recently stolen property — sufficiency of evidence**

    Evidence was sufficient for the doctrine of possession of recently stolen property to apply in this prosecution for felonious larceny where such evidence tended to show that officers requested permission from defendant's brother to search the brother's apartment two days after the break-in and larceny were reported, the brother gave his permission and accompanied officers to the apartment, they found the stolen property in the apartment, the property had not been there when the brother left his apartment for work that morning, defendant was the only person other than the brother who had a key to the apartment, and on that same day defendant admitted that he had the stolen merchandise in his possession, and the trial court properly submitted the evidence to the jury.

**2. Larceny § 7— evidence of felonious larceny insufficient — verdict of guilty of misdemeanor larceny**

Where the jury acquitted defendant of felonious breaking and entering and the trial court failed to instruct the jury to fix the value of the property taken in order to determine whether the value was in excess of $200, the burden of proof as to value in excess of $200 being upon the State as an essential element of the crime of felonious larceny where defendant was not found guilty of felonious breaking and entering as a part of the same occurrence, the verdict must be treated as a verdict of guilty of misdemeanor larceny.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 8 November 1974 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 20 March 1975.

Defendant was charged with felonious breaking and entering and felonious larceny. Upon his pleas of not guilty to both charges, the jury returned a verdict of not guilty as to felonious breaking and entering and guilty as to felonious larceny. From judgment sentencing him to imprisonment for a term of five years, defendant appealed.

State's evidence tended to show that on 21 August 1974 Annie Mae Roberts Allen found that someone had broken into her home and taken a camera, four watches, five rings and some change; that on 23 August 1974, in connection with the investigation of the breaking and entering and larceny, police officers requested permission from Donald Lilly, defendant's brother, to search the brother's apartment; that defendant's brother gave the officers permission to search his apartment and accompanied them there; that the defendant's brother and the officers found the stolen property in the apartment; that the property had not been there when Donald Lilly left his apartment for work that morning; and that defendant was the only person other than Donald Lilly who had a key to the apartment.

Other evidence introduced by the State tended to show that on the morning of 23 August 1974 defendant was arrested on another charge, later given the *Miranda* warnings and then questioned concerning the breaking and entering of the Allen house and the larceny of her property; and that defendant admitted that he had the stolen merchandise in his possession, but denied that he had broken into the Allen house and taken the items.

Defendant offered no evidence.

*Attorney General Edmisten, by Associate Attorney William H. Guy, for the State.*

*Robert L. Harris for defendant· appellant.*

MORRIS, Judge.

[1]  Defendant has abandoned his first two assignments of error. His remaining assignment of error relates to the denial of his motions for nonsuit at the close of the State's evidence and at the close of all the evidence. The State relied entirely upon the doctrine of possession of recently stolen property to overcome defendant's motions for judgment as of nonsuit. Defendant first contends the evidence in this case is insufficient for the doctrine to apply. We disagree. As was stated in *State v. Foster,* 268 N.C. 480, 487, 151 S.E. 2d 62, 67 (1966),

> "[i]t is not always necessary that the stolen property
> should have been actually in the hands or on the person
> of the accused, it being sufficient if the property was under
> his exclusive personal control. 52 C.J.S., Larceny, § 107; 32
> Am. Jur., Larceny, § 140; 1 Wharton's Criminal Evidence,
> 12th Ed. by Anderson, Presumptions and Inferences, § 135.
> This Court said in *S. v. Harrington,* 176 N.C. 716, 96 S.E.
> 892: 'The principle is usually applied to possession which
> involves custody about the person, but it is not necessarily
> so limited. "It may be of things elsewhere deposited, but
> under the control of a party. It may be in a storeroom or
> barn when the party has the key. In short, it may be in
> any place where it is manifest it must have been put by
> the act of the party or his undoubted concurrence." *S. v.
> Johnson,* 60 N.C. 237.'"

[2]  Defendant next argues that his motions for nonsuit should have been granted because there is no evidence that the stolen property was worth more than $200, and without such evidence a conviction for felonious larceny cannot be sustained. The State admits that the defendant's conviction for felonious larceny cannot be sustained where, as here, the jury acquitted the defendant of felonious breaking and entering and the trial court failed to instruct the jury to fix the value of the property taken in order to determine whether the value was in excess of $200, the burden of proof as to value in excess of $200 being upon the State as an essential element of the crime of felonious larceny where defendant is not charged with or found guilty of felonious

breaking or entering as a part of the same occurrence. It is the State's contention, however, that the verdict in this case must be treated as a verdict of guilty of misdemeanor larceny, and the case remanded for resentencing. We agree. When faced with a similar problem in *State v. Jones*, 275 N.C. 432, 439, 168 S.E. 2d 380, 385 (1969), our Supreme Court made the following statement:

> "Our conclusion on this appeal is as follows: The jury having failed to find that the larceny of which defendant was convicted related to property of a value of more than two hundred dollars, the verdict must be considered a verdict of guilty of larceny of personal property of a value of two hundred dollars or less. This being a misdemeanor, the judgment imposed a sentence in excess of the legal maximum. Hence, although the verdict will not be disturbed, the judgment is vacated; and this decision will be certified to the Court of Appeals with direction to remand the case to the Superior Court of Guilford County for the pronouncement of a judgment herein as upon a verdict of guilty of misdemeanor-larceny."

On the basis of the foregoing authority, defendant's case is hereby remanded for entry of a sentence consistent with a verdict of guilty of misdemeanor larceny.

Remanded for resentencing.

Judges VAUGHN and CLARK concur.