STATE OF NORTH CAROLINA v. ROGER DALE CURRY

No. 43

(Filed 7 October 1975)

**Burglary and Unlawful Breakings § 7; Larceny § 9— not guilty of felonious breaking — guilty of felonious larceny — defendant as aider and abettor of larceny committed pursuant to breaking**

Where there is evidence that defendant aided and abetted two principal perpetrators in the commission of a felonious breaking and entering and larceny pursuant to the breaking and entering, under appropriate jury instructions a jury verdict of not guilty of breaking and entering and guilty of felonious larceny is a conviction of felonious larceny.

Chief Justice SHARP dissenting.

Justices MOORE and COPELAND join in the dissenting opinion.

---

State v. Curry

---

ON *writ of certiorari* to the North Carolina Court of Appeals to review its decision reported at 25 N.C. App. 101, 212 S.E. 2d 509 (1975) in which it found no error either in the trial of defendant or in the judgment imposed upon him by *Wood, J.,* at the June 6, 1974 Criminal Session of DAVIDSON Superior Court.

Defendant was tried on a three-count bill of indictment. The first count alleged that on November 5, 1973, he did unlawfully, wilfully and feloniously break and enter the dwelling of one Bobby Ketchie with the intent to commit the felony of larceny therein. The second count charged that "after having unlawfully, wilfully and feloniously broken into and entered" Ketchie's dwelling the defendant did feloniously steal certain personal property of Ketchie, including two television sets, some high fidelity sound reproduction equipment, one hundred record albums, valuable coins, beer, and a hair dryer, having a total value of $1676. The third count charged defendant with feloniously receiving these same items of personal property.

The trial judge submitted only the felonious breaking and felonious larceny charges to the jury, but did not submit the felonious larceny charge on the theory that the property had a value of more than $200. The record reveals that "the jury returned into open court with a verdict of guilty of felonious larceny and not guilty of breaking or entering." Defendant was sentenced to a term of not less than eight nor more than ten years.

*Rufus L. Edmisten, Attorney General, William F. O'Connell, Assistant Attorney General, and Robert R. Reilly, Associate Attorney, for the State.*

*Eubanks, Villegas & Reavis, by Larry L. Eubanks, for defendant appellant.*

EXUM, Justice.

Although defendant in the Court of Appeals did not direct any assignment of error to the point, the State in its brief before that court took the position, as it does now before us, that Judge Wood erred in sentencing defendant as if he had been convicted of felonious larceny. Both State and defendant suggest that the case should be remanded for the imposition of sentence upon a conviction for misdemeanor larceny on the authority of

*State v. Jones,* 275 N.C. 432, 168 S.E. 2d 380 (1969) ; *State v. Lilly,* 25 N.C. App. 453, 213 S.E. 2d 418 (1975) ; and *State v. Teel,* 20 N.C. App. 398, 201 S.E. 2d 733 (1974). Defendant's petition for certiorari is based upon, and we allowed the petition to consider, this proposition.

In *State v. Jones, supra,* defendant was charged in a three-count bill of indictment with the felonies of breaking and entering, larceny, and receiving, in language which in all material aspects is identical to the language used here. The jury found the defendant not guilty of breaking and entering but guilty "as charged" on the larceny count. Reciting that the defendant had been "found guilty on the second count of larceny in excess of $200" the trial judge imposed a sentence of three years imprisonment. He had not, however, submitted the felonious larceny charge to the jury on the theory that the personal property had a value of more than $200. We held that since the jury acquitted the defendant of felonious breaking and there was no instruction regarding the value of the goods taken, the trial court erred in treating the verdict as a conviction of felonious larceny. We vacated the sentence and remanded the case for judgment "as upon a verdict of guilty of misdemeanor-larceny." 275 N.C. at 439, 168 S.E. 2d at 385. Applying N.C. Gen. Stat. 14-72 (1967 Cum. Supp.) we said that, absent a breaking:

> "[I]t is incumbent *upon the State* to prove beyond a reasonable doubt that the value of the stolen property was more than two hundred dollars; and, value in excess of two hundred dollars being an essential element of the offense, it is incumbent upon the trial judge to so instruct the jury. (Citations omitted.) The basis for this requirement is the elementary proposition that the credibility of the testimony, even though unequivocal and uncontradicted, must be passed upon by the jury.

> \*    \*    \*    \*

> "Although an indictment charges, and *all* the evidence tends to show, that the value of the stolen property was more than two hundred dollars, *the jury,* under appropriate instructions, *must find* from the evidence beyond a reasonable doubt that this is the fact." 275 N.C. at 436-37, 168 S.E. 2d at 383-84.

A cursory comparison of the present case with *Jones* leads one to the conclusions that *Jones* is controlling and that we

ought here to remand for resentencing as upon a verdict of guilty of misdemeanor larceny. Careful analysis, however, satisfies us that there are important differences between the case at bar, and *Jones* and that the Court of Appeals reached the right result.

Underlying the result in *Jones* and two Court of Appeals decisions which followed it, *State v. Lilly, supra,* and *State v. Teel, supra,* was the deduction, expressly relied on in *State v. Holloway,* 265 N.C. 581, 144 S.E. 2d 634 (1965), "that the verdict of not guilty as to the first count establishes that defendant did not commit the alleged larceny pursuant to an unlawful and felonious breaking and entering and therefore G.S. 14-72, as amended, does not apply." 265 N.C. at 583, 144 S.E. 2d at 635-36. The deduction was valid in these cases because the defendant in each was tried on the theory that he was guilty, if at all, as a principal in the first degree. The trial here, on the other hand, proceeded on the theory that defendant Curry was guilty, if at all, as an aider and abettor of two other principal perpetrators—Floyd Francis and Larry Hamilton. Defendant, in other words, was tried as a principal in the second degree. See, for the distinction, Strong, North Carolina Index 2d, Criminal Law § 9 (1967) and cases cited therein; A. Loewy, Criminal Law § 10.01 (West 1975).

The State's evidence in chief consisted of the testimony of the victim Ketchie and two Davidson County Deputy Sheriffs, Captain Bobby Beck and Detective Sergeant Billy Nail. Ketchie testified that upon returning home from work on November 5, 1973, he observed that a front window of his dwelling had been broken out and the items listed in the bill of indictment were missing. He said these items had a total value of $2,200. Captain Beck testified that during the course of his investigation he had occasion to interrogate defendant on November 9, 1973, at the Davidson County Sheriff's office. Defendant, after being duly advised of and waiving his rights, said essentially that he did not go into the house, that he did not recall the names of the persons who did, that he had sold the color television set which was removed from the house, and that he would recover this item himself. The television set was never recovered. Sergeant Nail testified that he was present on November 9, 1973, when defendant "was in custody and signed a waiver of his rights." He said defendant "after signing that . . . did make a statement in my presence and he did talk with me and I wrote it down as to

what he stated." Defendant's statement, according to Sergeant Nail, was as follows:

> "Mr. Curry talked to me and he stated that there was a truck involved; that he was in this truck; that he was with two other parties; that the two parties, they decided to break in the house; further stated that he stayed with the truck; one subject stayed near the edging of the lawn near the home; another party went up to the house; stuff was brought back; he stated he went up and down the road; he stated when the goods was loaded they left at that time and took all the goods to Larry Hamilton's trailer; he also stated to me two different locations where the valuable coins that had been taken to and pawned or sold; at that time an officer was sent to pick the coins up; he further stated that the young lady, Hamilton's wife, had no knowledge of this break-in or the items being stolen that was placed into her trailer; also made a statement about the TV he had sold. We repeatedly asked him if he would let us try to do our job as far as picking the goods up; he stated he would rather do this himself rather than involve any other party. Larry Hamilton's name was the only name mentioned as far as any other party; he didn't say at that time he was with him; he just stated he took it to his trailer."

Defendant testified in his own behalf and also offered the testimony of Larry Hamilton and Floyd Francis. Hamilton and Francis testified, essentially, that they had broken and entered Ketchie's dwelling, stolen the items in the bill of indictment, but that Curry did not participate in these crimes. They testified that although they discussed committing the crimes in Curry's presence he refused to have anything to do with it and got out of the car in which they were riding before the crimes were committed. Hamilton admitted on cross-examination that he had earlier signed a statement in which he implicated defendant. He repudiated this statement, however, at trial on the ground that when he made it he thought defendant had "ratted"on him. Curry testified that on the day in question he was with Hamilton and Francis when they discussed the breaking and larceny but that he refused to take part in it because he was at that time on probation. When they got close to Ketchie's dwelling he got out of the car and hitchhiked home. Later Hamilton and Francis came to defendant's home. Defendant testified, "They

asked if I wanted to go to Larry's house. They did not tell me about breaking into the house. I went to Larry's house then. There was some stuff in the back with a blanket over it. I didn't ask about that." Defendant then admitted watching Hamilton and Francis unload the vehicle and place the items in Hamilton's housetrailer. He said they asked him to help them unload but he couldn't because of an injury he had earlier suffered to one of his hands. Defendant denied making the incriminating statement attributed to him by Sergeant Nail.

In rebuttal the State offered the testimony of Mrs. Larry Hamilton that on November 5, 1973, she and Hamilton were living as husband and wife. She was at home when Hamilton, Francis, and defendant arrived in the afternoon. She observed them "bringing some TV's and stuff in." The items were brought in by defendant and Francis since her husband was on crutches with a broken foot and could not help them. She was told that defendant and his wife had separated and the items came from defendant's home. She later learned that they had come from the break-in at Ketchie's.

On this evidence unlike *Jones, Lilly,* and *Teel, supra,* a not guilty verdict on the breaking count is not necessarily a finding by the jury that the larceny was not committed by defendant pursuant to a breaking. It could be a finding simply that defendant was not an aider and abettor on the breaking count. The jury could, therefore, consistently with its verdict on the breaking count find that felonious larceny was committed pursuant to a breaking by Hamilton and Francis and defendant, by reason of aiding and abetting, was guilty of the felony as a principal in the second degree, provided, of course, this theory of the case was presented to them in the trial judge's instructions. We note, in passing, that the theory of felonious larceny pursuant to a breaking was not presented to the jury in either *Jones* or *Holloway.*

With regard to the larceny count here the jury was instructed that it could find defendant guilty if the State proved beyond a reasonable doubt that defendant took and carried away personal property of Ketchie without Ketchie's consent intending at the time to deprive him of its use permanently, knowing that he, the defendant, was not entitled to take the property, *"that the property was taken from the building after or during a breaking or entering,"* and,

"that for a person to be guilty of the crime, it is not necessary that he himself do all these acts which are necessary to constitute the crime of larceny after felonious breaking or entering. If two or more persons act together with common purpose to commit the crime of larceny, each of them is held responsible for the acts of the other done in the commission of the crime of larceny; *or if you find that the defendant aided and abetted Hamilton and Francis in the commission of larceny from this house, the same thing would apply to larceny as I have already instructed you applies to breaking or entering.*

"So I charge that if you find from the evidence beyond a reasonable doubt that on or about Nov. 5, 1973, Roger Dale Curry acting either by himself or acting together with Floyd Francis and Larry Hamilton, *or that he aided and abetted Francis or Hamilton and you find this beyond a reasonable doubt, that on about this date that this defendant aided and abetted or acted in concert and took and carried away TV sets and other property* which you will recall the testimony about that, *the property of Mr. Ketchie without the consent of Mr. Ketchie from a building during a breaking or entering or after breaking or entering,* knowing that he was not entitled to take the same and intending at the time of the taking to deprive Robert Ketchie of its use permanently, *it would be your duty to return a verdict of guilty of felonious larceny;* however, if you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty." (Emphases supplied.)

After the jury had retired and deliberated some fifteen minutes it returned to the courtroom for further instructions. The record reveals the following colloquy:

"JUROR: There was a question raised on the aiding and abetting—whether or not it would be a charge of aiding and abetting larceny or to breaking and entering—would it be separate or combined to the whole thing?

"COURT: I again instruct you that aiding and abetting—I instructed you as to aiding and abetting as to both larceny and as to breaking or entering; they are separate charges, separate crimes. I instructed you that the same elements of aiding and abetting apply to either—does that answer your question?

"JUROR: Yes, that was the question raised."

Thereafter verdicts of guilty of felonious larceny and not guilty of breaking or entering were returned.

The trial judge instructed the jury, in essence, that defendant Curry would be guilty of felonious larceny if the jury found beyond a reasonable doubt that he aided and abetted Francis and Hamilton when *they* stole the personal property of Ketchie pursuant to a breaking or entering by *them* of Ketchie's premises. Having received similar instructions on the theory of aiding and abetting with reference to the breaking count, the jury inquired whether defendant under this theory would have to be found guilty on both counts or whether they could apply the theory of aiding and abetting to either count. The court replied that the theory could be applied to both counts or either of them whereupon the verdicts as recorded were returned.

Given the facts produced at trial, the instructions of the trial judge and the verdicts, the jury must have found that defendant aided and abetted Hamilton and Francis in a larceny committed by them pursuant to a breaking or entering, a felony under N. C. Gen. Stat. 14-72(b)(2), but did not aid or abet Hamilton and Francis with regard to the charge of breaking and entering. By attributing these findings to the jury the two verdicts are logically reconciled.

For the reasons stated the decision of the Court of Appeals is

Affirmed.

Chief Justice SHARP dissenting:

The judge instructed the jury that it could return two of four verdicts: guilty or not guilty of breaking or entering; guilty or not guilty of felonious larceny. He did not submit the issue of defendant's guilt of receiving stolen goods knowing them to have been feloniously stolen, as charged in the third count of the indictment. The verdicts were not guilty of breaking or entering and guilty of felonious larceny.

Defendant assigns only three errors in his trial: (1) the denial of his motion to nonsuit all charges against him; (2) the denial of his motion for a mistrial after the court admitted (unspecified) "prejudicial" evidence; and (3) the denial of his motion to set aside the verdict because "there was no evidence"

that defendant was guilty of larceny. In his brief in the Court of Appeals defendant's only argument is that on the evidence the jury should have acquitted him.

The record in this case leaves me in no doubt that the defendant is guilty of the felonious breaking and entering and larceny charged in the bill of indictment. The State's evidence and the adminicular circumstances are more than sufficient to show that while defendant's two confederates feloniously broke and entered the Ketchie dwelling for the purpose of stealing property located therein, he drove the truck, which carried away the stolen television sets and other articles from the dwelling, up and down the road. *State v. McNair*, 272 N.C. 130, 157 S.E. 2d 660 (1967) ; *State v. Peeden*, 253 N.C. 562, 117 S.E. 2d 398 (1960). Notwithstanding, the jury acquitted defendant of breaking and entering. Their request for further instructions suggests to me that they were confused by the charge, but—be that as it may—we are not at liberty to disregard their verdict.

Defendant has assigned no error to the charge, but in his brief filed in this Court he notes correctly that Judge Wood failed to instruct the jury that if they acquitted defendant of felonious breaking and entering, but found him guilty of larceny, they "must also determine that the value of the goods stolen was in excess of $200 in order to find defendant guilty of felonious larceny." Appellant's sole contention here is that defendant "must be returned to the Superior Court to be sentenced as a misdemeanant as the law clearly dictates." With the contention, I agree. It was for this purpose only that we allowed certiorari.

In this case, to convict defendant of *felonious* larceny, G.S. 14-72 obliges the jury to find either that the stolen property had a value in excess of $200 or that defendant acquired the property pursuant to a felonious breaking or entering *for which he himself* is criminally responsible. *State v. Jones*, 275 N.C. 432, 168 S.E. 2d 380 (1969). The jury made neither finding. In my view *State v. Jones* requires that this case be remanded to the Court of Appeals with instructions that it be returned to the Superior Court for the pronouncement of judgment as upon a verdict of guilty of misdemeanor-larceny.

Justices MOORE and COPELAND join in this dissent.