STATE OF NORTH CAROLINA v. ROY RICHARD KEETER

No. 7729SC854

(Filed 7 March 1978)

**Larceny § 9— inability of jury to reach verdict on breaking or entering charge— absence of charge on value of stolen property— verdict treated as guilty of misdemeanor larceny**

Where, in a prosecution for felonious breaking or entering and felonious larceny, the trial court charged only on felonious larceny after a breaking or entering and failed to charge that the jury could find defendant guilty of felonious larceny if it found the value of the property taken exceeded $200.00, and the jury was unable to reach a verdict on the breaking or entering charge, the trial court could not properly accept a verdict of guilty of felonious larceny, and the jury's verdict must be treated as a verdict of guilty of misdemeanor larceny.

APPEAL by defendant from *Martin, Harry C., Judge.* Judgment entered 6 May 1977 in Superior Court, HENDERSON County. Heard in the Court of Appeals 7 February 1978.

Defendant was tried for feloniously breaking or entering the Southern Agricultural Insecticide, Inc. warehouse in Hendersonville and felonious larceny of fertilizer valued at more than $200.00 after having broken and entered the said warehouse. Both charges were submitted to the jury.

In his charge, Judge Martin correctly instructed the jury as to what they would have to find to convict the defendant of felonious larceny after breaking or entering. He did not instruct them they could find the defendant guilty of felonious larceny if they were satisfied beyond a reasonable doubt the property taken was worth more than $200.00. The jury was unable to reach a verdict on the charge of felonious breaking or entering, but returned a verdict of guilty of felonious larceny. The court accepted the verdict of guilty of felonious larceny and in its discretion withdrew a juror and declared a mistrial as to the felonious breaking or entering charge.

From a prison sentence of 24 months with a recommendation for work release, the defendant has appealed.

*Attorney General Edmisten, by Associate Attorney Robert W. Newsome III, for the State.*

*Hamlin, Potts, Averette & Barton, by H. Paul Averette, Jr., for defendant appellant.*

WEBB, Judge.

Our courts have repeatedly held that where a defendant is tried for breaking or entering and felonious larceny and the jury returns a verdict of not guilty of felonious breaking or entering and guilty of felonious larceny, it is improper for the trial judge to accept the verdict of guilty of felonious larceny unless the jury has been instructed as to its duty to fix the value of the property stolen; the jury having to find that the value of the property taken exceeds $200.00 for the larceny to be felonious. *State v. Jones*, 275 N.C. 432, 168 S.E. 2d 380 (1969); *State v. Teel*, 20 N.C. App. 398, 201 S.E. 2d 733 (1974); *see also State v. Cooper*, 256 N.C. 372, 124 S.E. 2d 91 (1962); *State v. Holloway*, 265 N.C. 581, 144 S.E. 2d 634 (1965); *State v. Lilly*, 25 N.C. App. 453, 213 S.E. 2d 418 (1975). The above cited cases also stand for the proposition that although the judgment of felonious larceny must be vacated where no instructions were given on value, the verdict will stand, and the case is to be remanded for entering a sentence consistent with a verdict of guilty of misdemeanor larceny.

We are presented with the question of whether the rule of *State v. Jones, supra,* should be extended to the case at bar. That is, whether a case in which the jury is unable to reach a verdict on a charge of felonious breaking or entering precludes the acceptance of a guilty verdict of felonious larceny. We hold that *Jones* does apply. As we read the *Jones* case, if the jury does not find the defendant guilty of felonious breaking or entering, it cannot find him guilty of felonious larceny based on the charge of felonious breaking or entering.

We note that the court imposed a sentence which was not in excess of what could have been imposed for a conviction of misdemeanor larceny. Nevertheless, since the sentence was imposed on the basis of a conviction of felonious larceny, we hold that it must be vacated.

The verdict will not be disturbed. The judgment is vacated and the case is remanded to the Superior Court of Henderson County for the pronouncement of a judgment herein as upon a verdict of guilty of misdemeanor larceny.

Judges BRITT and HEDRICK concur.