State v. Robinson

STATE OF NORTH CAROLINA v. EARLY LEE ROBINSON

No. 8020SC1081

(Filed 21 April 1981)

**Larceny § 8– larceny of firearm – instructions proper**
   Larceny of a firearm is a felony regardless of the value of the weapon stolen and without regard to whether the larceny was accomplished by means of a felonious breaking or entering; therefore, the trial court's instructions requiring the jury to find that defendant had stolen the rifle and other property in order to find defendant guilty of felonious larceny was proper and the evidence was sufficient to support the jury's verdict of guilty of felonious larceny. G.S. 14-72(b)(4).

APPEAL by defendant from *Seay, Judge*. Judgment entered 18 June 1980 in Superior Court, MOORE County. Heard in the Court of Appeals 30 March 1981.

Defendant was indicted for felonious breaking or entering and felonious larceny of several rifles and other property by means of breaking or entering. The jury returned a verdict of not guilty on the breaking or entering charge and guilty of felonious larceny. A prison sentence of not less than three years nor more than five years was entered.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Thigpen and Evans, by Frank C. Thigpen, for defendant.*

MARTIN (Harry C.), Judge.

On the larceny charge, the court gave the following instructions to the jury:

[T]he State of North Carolina must prove six things and do so beyond a reasonable doubt.

First, that the defendant took the rifle or the rifles and golf clubs, golf bag and vacuum cleaner belonging to Roy Collins.

. . . .

. . . I charge that if you find from the evidence beyond a reasonable doubt that on or about November the 7th, 1979, Early Robinson took and carried away Roy Collins' rifles

and golf clubs and golf bags and vacuum cleaner, and that he did so without Roy Collins' consent, knowing that he was not entitled to take this property, and intending at the time to deprive Mr. Collins of the use of the property permanently, and that these items of property were taken from a building following — or a structure and a residence, following a breaking or entering, it would be your duty to return a verdict of guilty of felonious larceny.

Ordinarily, if a defendant is found not guilty of breaking or entering and the felonious larceny charge is based upon its having been accomplished by means of a felonious breaking or entering pursuant to N.C.G.S. 14-72(b)(2), it is necessary for the judge to submit to the jury the question of the value of the stolen property in order for the jury to return a verdict of guilty of felonious larceny. *State v. Jones,* 275 N.C. 432, 168 S.E. 2d 380 (1969); *State v. Teel,* 20 N.C. App. 398, 201 S.E. 2d 733 (1974).

Such is not the case, however, where the defendant is charged in the bill of indictment with larceny of a firearm. Larceny of a firearm is a felony regardless of the value of the weapon stolen and without regard to whether the larceny was accomplished by means of a felonious breaking or entering. N.C. Gen. Stat. 14-72(b)(4). Here, the bill charged defendant with larceny of "a quantity of rifles," and the evidence disclosed that a rifle was stolen from the home of the witness Collins and pawned by defendant. The rifle was introduced into evidence. In its final mandate on the larceny charge, the court required the jury to find that defendant had stolen the rifle *and* the other property in order to find defendant guilty of felonious larceny. By its verdict, the jury so found. Under the facts of this case, we hold the court properly sentenced defendant on the verdict of guilty of felonious larceny.

We have reviewed defendant's assignments of error and find them to be without merit.

No error.

Chief Judge MORRIS and Judge HILL concur.