STATE OF NORTH CAROLINA v. ANTHONY JEROME PEARCY

No. 8028SC697

(Filed 16 December 1980)

**Burglary and Unlawful Breakings § 7.1; Larceny § 9— verdict not reached on breaking or entering charge — conviction of felonious larceny proper**

A defendant who is tried for acting in concert with others to commit felonious larceny after a felonious breaking or entering may be convicted of felonious larceny if the jury does not reach a verdict as to the felonious breaking or entering.

APPEAL by defendant from *Griffin, Judge.* Judgment entered 14 March 1980 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 3 December 1980.

The defendant was charged with felonious breaking or entering and felonious larceny. The evidence tended to show that the defendant and three other men broke the windows of a department store in Asheville and removed merchandise having a value of $940.00.

The court charged the jury that they could find the defendant guilty of felonious breaking or entering if they found beyond a reasonable doubt that he acted in concert with others to break or enter. He also charged they could find the defendant guilty of felonious larceny if they found beyond a reasonable doubt that he acted in concert with others to commit larceny after breaking or entering. He did not charge on the value of the property taken or that the jury could find the defendant guilty as an aider and abettor. The jury did not reach a verdict as to the charge of felonious breaking or entering, but found the defendant guilty of felonious larceny.

From a sentence imposed, the defendant has appealed.

*Attorney General Edmisten, by Associate Attorney Evelyn M. Coman, for the State.*

State v. Pearcy

*Whalen, Hay and Cash, by Gary S. Cash, for defendant appellant.*

WEBB, Judge.

The question posed by this appeal is whether a defendant who is tried for acting in concert with others to commit felonious larceny, after a felonious breaking or entering, may be convicted of felonious larceny if the jury does not reach a verdict as to the felonious breaking or entering. The appellant contends we are bound by *State v. Keeter,* 35 N.C. App. 574, 241 S.E. 2d 708 (1978). In *Keeter,* it was held that if the jury is unable to reach a verdict on the felonious breaking or entering charge, the court cannot accept a verdict of guilty to felonious larceny absent an instruction as to the duty of the jury to fix the value of the property. We hold this case is governed by *State v. Curry,* 288 N.C. 312, 218 S.E. 2d 374 (1975). In that case the defendant was charged with felonious breaking or entering and felonious larceny. The court charged as to aiding and abetting a felonious breaking or entering and aiding and abetting a felonious larceny after a breaking or entering. The jury found the defendant not guilty of breaking or entering but found him guilty of felonious larceny after breaking or entering. Our Supreme Court held that these two verdicts were consistent. It said that the jury could have found that the defendant was not an aider and abettor on the breaking count, but did aid and abet in committing larceny after the principals had broken in the building. We believe this principle governs when the defendant is tried for acting in concert with others. If the jury may so find as to aiding and abetting, we believe they may also consistently find that the defendant did not act in concert to break or enter but did act in concert with others to commit larceny after the breaking or entering.

No error.

Judges MARTIN (Harry C.) and HILL concur.