STATE OF NORTH CAROLINA v. RICKY RENARD DOBBINS

No. 79A82

(Filed 13 July 1982)

1. **Criminal Law § 15.1— pretrial publicity—denial of change of venue**

The trial court did not abuse its discretion in the denial of defendant's motion for a change of venue based upon pretrial newspaper publicity where the newspaper articles contained only factual accounts regarding the commission of the crimes and the pretrial proceedings; there was no indication that the prospective jurors saw the newspaper articles or that they formed opinions based upon the articles; and there was no showing that defendant exhausted his peremptory challenges or had to accept jurors who were prejudiced by pretrial publicity.

2. **Criminal Law § 66.1— identification of defendant—opportunity for observation**

The trial court's findings of fact were sufficient to show that a reasonably credible identification of defendant by a rape and robbery victim was possible where the court found that the victim observed her assailant and exchanged words with him for several seconds at a distance of 10 feet in a well lighted kitchen; that although he thereafter placed a covering over his face, the victim was in his presence and close to him for approximately 40 minutes; the victim heard her assailant talk, was able to observe his height and body structure, and closely observed his clothing; the victim described her assailant, and defendant met that description; the victim selected defendant's photograph from a series of photographs and positively identified defendant in a line-up; and police recovered from defendant's house several items of clothing similar to those worn by the assailant.

3. **Searches and Seizures § 39— search under warrant—inventory and return not sworn to by officer—suppression of seized items not required**

Failure of the officer who executed a search warrant to swear to the inventory of seized items and the return as required by G.S. 15A-257 did not constitute a substantial violation of the statutes relating to search warrants so as to require suppression of the seized evidence under G.S. 15A-974(2).

**4. Criminal Law § 43.4— rape and sexual offense—photographs of victim not excessive**

In a prosecution for first-degree rape and first-degree sexual offense, the admission of two photographs of the victim's genitalia to illustrate testimony concerning the victim's injuries was not prejudicial to defendant where the photographs showed different viewpoints.

APPEAL by defendant from judgments entered by *Mills, Judge,* at the 28 September 1981 Criminal Session of Superior Court, IREDELL County.

Upon pleas of not guilty, defendant was tried on bills of indictment charging him with (1) first-degree rape, (2) first-degree sexual offense, (3) armed robbery and (4) first-degree burglary. Ms. Katherine Bowlin was the victim of the alleged offenses and the cases were consolidated for trial.

Evidence presented by the state tended to show that:

At about 11:15 p.m. on 1 June 1981, Ms. Bowlin returned to her home from work. She lived alone. After taking a bath and putting on her pajamas, she went to her lighted kitchen where she saw a black male pushing open her locked backdoor. The face of the intruder, later identified by her as defendant, was uncovered at the time. After viewing and exchanging words with the intruder for several seconds, Ms. Bowlin turned and ran towards her front door. Defendant ran after her and caught her from behind. By that time he had covered his face with a ski mask-type of toboggan.

Holding a knife to Ms. Bowlin's throat, defendant forced her into the bathroom where he severely beat her, raped her and forced a bottle into her vagina. Defendant tied her up, took $70.00 from her purse and left. Ms. Bowlin then freed herself and called for help. She was taken to a hospital and treated for multiple injuries including a fractured rib and lacerations of her vagina so severe that they required surgery under general anesthesia to repair.

Other evidence pertinent to the questions presented on appeal is summarized in the opinion.

Defendant offered no evidence.

The jury found defendant guilty as charged. On the rape and sexual offense counts, the court entered judgments imposing two life sentences, the sentence in the sexual offense case to begin at the expiration of the sentence in the rape case. On the armed robbery and burglary counts, the court entered judgments imposing prison sentences of 50 years in each case, these sentences to run concurrently and to begin at the expiration of the sentence imposed in the sexual offense case.

Defendant appealed and we allowed his motion to bypass the Court of Appeals in the armed robbery and burglary cases.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the state.*

*Steven G. Tate for defendant-appellant.*

BRITT, Justice.

[1] By his first assignment of error defendant contends that the trial court erred in denying his pretrial motion for a change of venue. This assignment has no merit.

G.S. 15A-957 provides that "[i]f, upon motion of the defendant, the court determines that there exists in the county in which the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial, the court must either" transfer the case to another county as specified by the statute or order a special venire as provided by G.S. 15A-958.

The burden is on the defendant to show the prejudice which allegedly prevents his getting a fair trial. *State v. Boykin,* 291 N.C. 264, 229 S.E. 2d 914 (1976); *State v. Faircloth,* 297 N.C. 100, 253 S.E. 2d 890, *cert. denied,* 444 U.S. 874 (1979); *State v. See,* 301 N.C. 388, 271 S.E. 2d 282 (1980). A motion for change of venue based upon prejudice against the defendant is addressed to the sound discretion of the trial judge and his decision will not be disturbed on appeal unless the defendant can show an abuse of discretion. *State v. Boykin, supra; State v. Alford,* 289 N.C. 372, 222 S.E. 2d 222, *death sentence vacated,* 429 U.S. 809 (1976). This court has also held that the defendant must show a gross abuse of discretion. *See State v. Matthews,* 295 N.C. 265, 245 S.E. 2d 727 (1978), *cert. denied,* 439 U.S. 1128 (1979).

In the case at hand defendant alleges that the several newspaper articles written about the crimes created great prejudice against him. The articles complained of appeared on seven dates in June 1981 and on 28 July 1981. We have reviewed the articles and conclude that at most they basically report the facts of the crime; only the last three articles mention defendant by name. This court has held consistently that factual news accounts regarding the commission of a crime and the pretrial proceedings alone are not sufficient to establish prejudice against the defendant. *See State v. Alford, supra; State v. Harrill,* 289 N.C. 186, 221 S.E. 2d 325, *death sentence vacated,* 428 U.S. 904 (1976); *State v. Oliver,* 302 N.C. 28, 274 S.E. 2d 183 (1981).

This court has further held that when a defendant alleges prejudice on the basis of pretrial publicity and does not show that he exhausted his preemptory challenges, or that there were jurors who were objectionable or had prior knowledge of the case, defendant has failed to carry his burden of establishing the prejudicial effect of the pretrial publicity. *See State v. Harrill, supra; State v. Harding,* 291 N.C. 223, 230 S.E. 2d 397 (1976).

In the instant case defendant failed to show any prejudice by potential or actual jurors. There is no indication that the prospective jurors had seen the newspaper articles or that they had formed opinions based on the articles. There is no showing that defendant exhausted his peremptory challenges or had to accept jurors who were prejudiced by pretrial publicity. We hold that defendant has failed to show that the trial judge abused his discretion in denying the motion for change of venue.

By his second assignment of error defendant contends that the trial court committed reversible error in denying his motion to suppress evidence relating to his identification. We find no merit in this assignment.

[2] The record discloses that shortly after Ms. Bowlin began testifying and before she gave testimony identifying defendant as her assailant, defendant objected and the court conducted a voir dire hearing in the absence of the jury. At the hearing the court heard testimony regarding Ms. Bowlin's opportunity to observe the intruder at the time he entered her kitchen, her observations of him and her hearing him talk during the approximately 40 minutes he was in her presence, her viewing of numerous photo-

graphs at the police station, and her viewing of defendant and pointing him out as her assailant while he was in a line-up with five other black males of comparable age and build. Following the hearing, the court made findings of fact and concluded that:

> [T]he pretrial identification procedure involving the Defendant was not so unnecessarily suggestive and conducive to irreparably mistaken identification as to violate the Defendant's rights to due process of law; and the Court further finds that, based on clear and convincing evidence, the in-Court identification of the Defendant is of independent origin, based solely upon what the witness saw at the time of the breaking in of her home on June 1, 1981, and is not tainted by any pretrial identification procedure so unnecessarily suggestive and conducive to irreparably mistaken identification as to constitute a denial of due process of law.

Since defendant did not except to any finding of fact, it is presumed that they are supported by the evidence and the facts found by the trial court are conclusive on appeal. *Phillips v. Alston*, 257 N.C. 255, 125 S.E. 2d 580 (1962); *Tinkham v. Hall*, 47 N.C. App. 651, 267 S.E. 2d 588 (1980). The question presented is whether the findings support the court's conclusions of law. *State v. Bishop*, 272 N.C. 283, 158 S.E. 2d 511 (1968). However, defendant argues that the evidence failed to show that a reasonably credible identification by the witness was possible, as mandated by *Simmons v. United States*, 390 U.S. 377 (1968).

Defendant relies primarily on the decision of this court in *State v. Miller*, 270 N.C. 726, 154 S.E. 2d 902 (1967). In that case the defendant was charged with breaking and entering a storehouse. The only evidence tending to identify the defendant as one of the perpetrators of the offense was the testimony of a witness identifying defendant in a line-up as one of the persons he had observed at the scene of the crime. The state's uncontradicted evidence further tended to show that the observation occurred at night, although the area surrounding the building in question was well lighted; that the witness was never closer than 286 feet from a man he saw running along the side of the building; that the witness had never seen the man prior to that time; that he saw this man run once in each direction, stop at the front of the building, "peep" around it and look in the witness' direction; and that the witness could not describe the color of the

man's hair or eyes, nor the color of his clothes, except that his clothes were dark. This court held that the uncontradicted testimony as to the physical facts disclose that the witness' observation of the defendant was insufficient to permit a reasonable possibility of the subsequent identification of the defendant with that degree of certainty which would justify the submission of the question of defendant's guilt to the jury.

The facts in the case at hand are easily distinguished from those in *Miller*. Here, Ms. Bowlin observed her assailant and exchanged words with him for several seconds at a distance of 10 feet in a well lighted kitchen; that although he thereafter placed a covering over his face, Ms. Bowlin was in his presence and close to him for approximately 40 minutes; that she heard him talk and was able to observe his height and body structure; that she closely observed his clothing; that she described her assailant soon after the crimes as being a black male, approximately 21 years old, of medium build and between 5 feet 6 inches and 5 feet 10 inches tall; that according to a line-up report admitted into evidence, defendant is a black male, 22 years old, 5 feet 9 inches tall, weighing 170 pounds; that she selected defendant's photograph from a series of photographs; that she positively identified defendant in a line-up; and that police recovered from defendant's house several items of clothing similar to those worn by Ms. Bowlin's assailant.

We hold that the trial court's findings of fact were more than sufficient to show that a reasonably credible identification of defendant by Ms. Bowlin was possible.

[3]  By his third assignment of error defendant contends that the trial court erred in denying his motion to suppress "the results of a search" of his residence. There is no merit in this assignment.

On 10 June 1981 Sergeant Brown of the Statesville Police Department applied for a search warrant to authorize police to search the residence of defendant. Sergeant Brown alleged that he had probable cause to believe that certain specifically described items of clothing, a knife and certain stolen property were located in said residence. A magistrate issued a search warrant and police entered and searched the premises. Thereafter Sergeant Brown prepared and signed an inventory of property

seized pursuant to the search.[1] The inventory recites that a copy was left with a Mrs. Jeter, the owner of the place searched. On 11 June 1981 Sergeant Brown signed a "return" of the search warrant.

Defendant argues that under *Mapp v. Ohio*, 367 U.S. 643 (1961), evidence seized illegally and unlawfully shall not be allowed in the trial of a defendant when rights are violated; that G.S. Chapter 15A sets forth the procedure for obtaining, serving and returning a search warrant; that G.S. 15A-257 requires that the return of service be signed and *sworn to* by the serving officer; and that the return in this case was not sworn to by the officer.

G.S. 15A-257 provides as follows:

> An officer who has executed a search warrant must, without unnecessary delay, return to the clerk of the issuing court the warrant together with a written inventory of items seized. The inventory, if any, and return must be signed and sworn to by the officer who executed the warrant.

The state admits that the return was not "sworn to" but argues that this omission is not sufficient to render inadmissible evidence obtained as a result of the search.

G.S. 15A-974 sets forth guidance for the trial courts in ruling on motions to suppress evidence. This statute provides:

Upon timely motion, evidence must be suppressed if:

(1) Its exclusion is required by the Constitution of the United States or the Constitution of the State of North Carolina; or

(2) It is obtained as a result of a substantial violation of the provisions of this Chapter. In determining whether a violation is substantial, the court must consider all the circumstances, including:

a. The importance of the particular interest violated;

---

1. The inventory included certain clothing meeting the description of clothing given by Ms. Bowlin of that worn by her assailant. It also included a "Linoleum" knife.

  b. The extent of the deviation from lawful conduct;

  c. The extent to which the violation was willful;

  d. The extent to which exclusion will tend to deter future violations of this Chapter.

Defendant has cited no authority, and our research discloses none, for his contention that his *constitutional* rights were violated by reason of the serving officer's omission. That being true, we address only the question of whether the omission was a *substantial* violation of the statutes relating to search warrants.

While it appears that this court has not spoken directly on the question of substantial violation of the statutes relating to search warrants, several decisions of the Court of Appeals are helpful. In *State v. Fruitt,* 35 N.C. App. 177, 241 S.E. 2d 125 (1978), the court held that failure to read the warrant before entering an outbuilding and failure to leave a copy of the warrant and inventory of items seized at the premises "did not amount to a 'substantial' violation of G.S. Chapter 15A within the meaning of G.S. 15A-974(a)." In *State v. Hansen,* 27 N.C. App. 459, 219 S.E. 2d 641 (1975), *cert. denied,* 289 N.C. 453, 223 S.E. 2d 161 (1976), the arresting officer never filed the warrant with the clerk of the superior court as required by G.S. 15A-25(d); the court found this to be a mere technicality which "does no harm to defendant's constitutional rights to due process and notice."

It would appear that the primary purpose of the requirement in G.S. 15A-257 that the return be sworn to by the officer who executed the warrant is to better insure the accuracy of the inventory of the property seized. This requirement has little, if anything, to do with protecting persons from unreasonable searches and seizures since the search and seizure already will have taken place.

We conclude that in the context of this case, there was not a substantial violation of the statute.

[4] By his fourth and final assignment of error defendant contends that the trial court erred in admitting certain photographs into evidence. We find no merit in this assignment.

The state introduced two photographs to illustrate testimony of Dr. Philip Mason regarding Ms. Bowlin's injuries. Both

photographs were of the victim's genitalia and tended to show the severity of her injuries. Defendant does not argue that the photographs were not relevant; he merely argues that the introduction of more than one was unnecessary and was prejudicial to him.

In *State v. Atkinson*, 275 N.C. 288, 167 S.E. 2d 241 (1969), *rev'd on other grounds*, 403 U.S. 948 (1971), this court said:

> The fact that a photograph depicts a horrible, gruesome and revolting scene, indicating a vicious, calculated act of cruelty, malice or lust, does not render the photograph incompetent in evidence, when properly authenticated as a correct portrayal of conditions observed by and related by the witness who uses the photograph to illustrate his testimony. *State v. Porth*, 269 N.C. 329, 153 S.E. 2d 10; *State v. Rogers*, 233 N.C. 390, 64 S.E. 2d 572, 28 A.L.R. 2d 1104; *State v. Gardner*, 228 N.C. 567, 46 S.E. 2d 824; Stansbury, North Carolina Evidence, 2d Ed., § 34. For a collection of authorities to the same effect from other jurisdictions, see Annot., 73 A.L.R. 2d 769.

275 N.C. at 311. Quoted with approval in *State v. Jenkins*, 300 N.C. 578, 268 S.E. 2d 458 (1980).

This court has held that the introduction of two or more photographs which are clearly relevant is not excessive, particularly when the photographs show different viewpoints as was true in this case. *See State v. Gibbons*, 303 N.C. 484, 279 S.E. 2d 574 (1981); *State v. Young*, 291 N.C. 562, 231 S.E. 2d 577 (1977).

We hold that introduction of the two photographs complained of was not excessive.

We conclude that defendant received a fair trial, free from prejudicial error.

No error.