STATE OF NORTH CAROLINA v. RONALD EUGENE WILLIAMS

No. 376A82

(Filed 3 May 1983)

1. **Criminal Law §§ 34.5, 34.8— evidence of another crime—competency to show identity and common plan or scheme**

In a prosecution for burglary, kidnapping and rape, evidence that defendant was arrested for secretly peeping into the window of a home occupied by a female a block from the crime scene three days after the crimes charged was admissible to establish the identity of defendant as the perpetrator of the crimes charged and to establish a common plan or scheme where there was evidence that the crimes charged and the offense of secretly peeping were committed by the same person in that defendant's fingerprints were taken after his arrest and were determined to match prints found on certain items in the victim's apartment; two packages of Winston Lights cigarettes were found in defendant's pocket after his arrest, and the victim's assailant had left a package of Winston Lights in the victim's apartment; and the victim had informed investigating officers that her assailant threatened her with a long screwdriver, and a long screwdriver was found at the scene of defendant's arrest.

2. **Criminal Law § 66.9— photographic identification—victim told suspect arrested**

The mere fact that a rape victim was told that the police had arrested a suspect will not vitiate an otherwise legally valid photographic identification procedure at which the victim identified defendant as her assailant.

3. **Criminal Law § 66.7— photographic identification—defendant in custody and available for lineup**

A pretrial photographic identification procedure was not improper because defendant was in custody and available for a lineup absent a showing of prejudice, and no prejudice was shown where a rape victim had had ample opportunity to observe her assailant, had provided a detailed and accurate description of her assailant, and readily identified defendant as her assailant from an array of photographs closely resembling defendant.

4. **Constitutional Law § 30; Bills of Discovery § 6— victim's statements to law officers—pretrial discovery prohibited**

The provisions of G.S. 15A-903 and G.S. 15A-904(a), when read together, prohibited pretrial discovery of a rape victim's oral and written statements to

law officers notwithstanding defendant's contention that the statements were needed for cross-examination of the victim at a voir dire hearing prior to trial to determine the admissibility of the victim's photographic identification of defendant.

**5. Burglary and Unlawful Breakings § 5— first degree burglary—sufficient evidence of constructive breaking**

There was sufficient evidence of a constructive breaking to support defendant's conviction of first degree burglary where the evidence tended to show that the victim saw the face of a man peering through her bedroom window; the victim later discovered that the screen and one pane of glass had been removed; when the victim attempted to leave through the front door, defendant met her at the door, grabbed her and threw her back into the house and then entered the victim's house; and defendant kept the victim confined in her home for approximately four hours and forcibly raped her.

**6. Kidnapping § 1.2— restraint unconnected with rape—sufficiency of evidence**

There was ample evidence of restraint unconnected with the rape of the victim to support defendant's conviction of kidnapping where the evidence tended to show that defendant remained in the victim's home for approximately four hours; during this entire time, he forcibly confined her; and he forcibly removed her from one room to another by pinning her arms down and pushing her.

BEFORE *Martin, J.,* at the 15 March 1982 Criminal Session of Superior Court, ORANGE County, defendant was sentenced to life imprisonment upon his conviction for first degree burglary; to be followed by a life sentence upon his conviction for second degree kidnapping, being an habitual felon; to run concurrently with a life sentence upon his conviction of second degree rape, being an habitual felon. Defendant appealed to this Court as of right.

*Rufus L. Edmisten, Attorney General, by Guy A. Hamlin, Assistant Attorney General, for the State.*

*Donald R. Dickerson, Attorney for defendant-appellant.*

MEYER, Justice.

The prosecuting witness, Melissa Eddinger, testified that on the night of 28 December 1981, a man whom she later identified as the defendant pushed his way through her front door, kept her confined in her home for approximately four hours, and forcibly raped her. Defendant challenges (1) the admission of testimony tending to implicate him in a separate crime; (2) evidence of pre-trial photographic identification; (3) denial of a pre-trial discovery

motion for the victim's statement; and (4) the denial of his motion to dismiss the burglary and kidnapping charges. We find no error.

(1)

[1] Defendant assigns as error the admission of testimony concerning the events surrounding his arrest in that it tended to implicate him in a separate misdemeanor offense of secretly peeping.

Defendant was arrested on 31 December 1981. Following the incident on 28 December, Ms. Eddinger had given the Chapel Hill police department an accurate description of her assailant from which a composite drawing had been made. Officers were dispatched to the neighborhood to conduct a surveillance. In response to a call, the officers proceeded to Stinson Street, one block from Ms. Eddinger's home, where they discovered a man peeping into the window of a dwelling occupied by a Ms. Radcliff. The man, later identified as the defendant, attempted to flee. He was apprehended, arrested, and booked. As part of the booking process, defendant was fingerprinted. Shortly thereafter it was determined that his prints matched those found on certain items in Ms. Eddinger's apartment. Upon searching the defendant, the officers discovered two packages of Winston Lights cigarettes in his pocket. The investigating officers had found an empty package of Winston Lights in Ms. Eddinger's apartment, left there by her assailant. On the night of his arrest, after being read his rights, the defendant requested that an officer return to the scene and find his new cap. The officer complied, found the cap and close by found a long screwdriver. Ms. Eddinger had informed the investigating officers that her assailant threatened her with a long screwdriver. Initially, defendant challenged the admissibility of the evidence of the cigarette package and the screwdriver on the ground that these items were discovered as incident to an unlawful arrest and in violation of his *Miranda* rights. Defendant further contended that the circumstances surrounding his arrest were irrelevant and highly prejudicial.

As a general rule, the State cannot introduce evidence tending to show that an accused has committed an offense other than the one for which he is being tried. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). If, however, there is evidence that the crime charged and another offense were committed by the same person, and identity is an issue, evidence of the other offense is

admissible for the purposes of establishing the identity of the defendant as the perpetrator of the crime charged. *Id. See State v. Leggett,* 305 N.C. 213, 287 S.E. 2d 832 (1982). This Court also stated in *McClain,* that "[e]vidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission." *Id.* at 176, 81 S.E. 2d at 367.

In light of these well-recognized exceptions to the general rule, as they apply to the facts of this case, we hold that the testimony was properly admitted.

(2)

Defendant next contends that the trial court erred in admitting evidence of the victim's pre-trial photographic identification of the defendant. He argues first that the photographic identification procedure was impermissibly suggestive because prior to the viewing, Ms. Eddinger was told that the police had a suspect. Defendant also contends that he was entitled to a pre-trial line-up because at the time Ms. Eddinger viewed the photographs, the defendant was in custody and available. This assignment of error has no merit.

[2] Ms. Eddinger was never told that her alleged assailant had been arrested or that the photographs which she was being shown included the suspect in her case. The mere fact that she was told that the police had arrested a suspect will not vitiate an otherwise legally valid photographic identification procedure. *State v. Dunlap,* 298 N.C. 725, 259 S.E. 2d 893 (1979). Furthermore, upon being shown the photographs, all of which resembled the defendant in uncanny detail, Ms. Eddinger immediately selected that of the defendant as her assailant. It is clear that her identification was based upon what she had observed at the time of the assault. *See State v. White,* 307 N.C. 42, 296 S.E. 2d 267 (1982); *State v. Dobbins,* 306 N.C. 342, 293 S.E. 2d 162 (1982).

[3] Defendant argues that because identification from a still photograph is less reliable than identification of an individual seen in person, he was entitled to a line-up procedure in that he was in custody and available. We do not agree. There are many

factors involved in the decision as to which identification procedure to employ. Certainly, when the victim has had ample opportunity to observe the assailant, has provided a detailed and accurate description, and has readily identified the assailant from an array of photographs as closely resembling the defendant as these do, a defendant can show no prejudice. We therefore hold that absent a showing of prejudice, the identification procedure employed will be deemed appropriate under the circumstances.

(3)

[4]  Defendant assigns as error the trial court's denial of his pretrial motion seeking discovery of oral and written statements made by the victim to law enforcement authorities. In *State v. Hardy*, 293 N.C. 105, 235 S.E. 2d 828 (1977), this Court interpreted G.S. §§ 15A-903 and -904(a) and held that these provisions, when read together, explicitly prohibit pre-trial discovery of the statements to which defendant now contends he was entitled. Defendant, however, argues that these statements were critical to his cross-examination of Ms. Eddinger at the voir dire hearing conducted prior to trial to determine the admissibility of Ms. Eddinger's photographic identification of the defendant. We decline to extend the rule enunciated in *Hardy*.

The victim's statement was made available to the defendant for impeachment purposes during the trial. *See State v. Hardy*, 293 N.C. 105, 235 S.E. 2d 828. Whatever impeachment value there was in the victim's statements went to the weight of the victim's identification of the defendant rather than to its admissibility.

(4)

Finally, defendant contends that the trial court erred in denying his motion to dismiss the charges of burglary and kidnapping. We do not agree.

[5]  As to the burglary charge defendant contends that there was insufficient evidence of a breaking. Ms. Eddinger testified that on the night in question she saw the face of a man peering through her bedroom window. It was later discovered that the screen and one pane of glass had been removed. Ms. Eddinger panicked and attempted to leave through the front door. The defendant met her at the door. Ms. Eddinger testified that she "didn't have a chance to even step out. He pushed me back in and shut the

door." He "grabbed" her and "threw" her back into the house. Defendant's actions constituted a constructive breaking; that is, entrance obtained "in consequence of violence commenced or threatened by defendant." *State v. Jolly*, 297 N.C. 121, 128, 254 S.E. 2d 1, 6 (1979); *State v. Wilson*, 289 N.C. 531, 223 S.E. 2d 311 (1976).

[6] We also find that there was sufficient evidence to sustain defendant's conviction of kidnapping. On this issue defendant argues that the only restraint employed was that necessary to effectuate the rape and thus there was no evidence of any additional restraint to support the kidnapping conviction. *See State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978). We find ample evidence of restraint unconnected with the actual rape of Ms. Eddinger. Defendant remained in Ms. Eddinger's home for approximately four hours. During this entire time, he forcibly confined her. He forcibly removed her from one room to another by pinning her arms down and pushing her. We do not agree that defendant's actions were an inherent, inevitable feature of the felony of rape. *Id. See State v. Irwin*, 304 N.C. 93, 282 S.E. 2d 439 (1981). The trial court properly denied defendant's motion to dismiss. *See State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982).

Defendant received a fair trial free of prejudicial error.

No error.