STATE OF NORTH CAROLINA v. WALTER JUNIOR KING

No. 8215SC1336

(Filed 18 October 1983)

1. **Criminal Law § 66.18— voir dire to qualify identification witness unnecessary**
   Because the record showed no impropriety in the pretrial identification procedures and provided ample evidence that the identification witness's incourt identification of defendant was independent in origin of the pretrial photographic lineup, the failure to hold a voir dire was harmless error.

2. **Criminal Law § 99.4— sustaining court's own objections—no prejudicial error**
   There is no prejudicial error in the court, on two occasions, stating to defense counsel that his questions were "argumentative as raised," since defense counsel was allowed to rephrase the question and elicited the desired testimony.

**3. Searches and Seizures § 15— standing to challenge search—waiver of right to challenge**

Defendant failed to establish his standing to object to the admission of a sweatshirt into evidence where the record indicated that the apartment searched was that of defendant's brother and where defendant neither asserted a property interest nor possessory interest in the premises searched and further failed to show any other circumstances giving rise to a reasonable expectation of privacy therein. Further, defendant made no pretrial motion to suppress the evidence and thus waived his right to challenge its admission. G.S. 15A-975.

APPEAL by defendant from *Braswell, Judge.* Judgment entered 20 May 1982 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 19 September 1983.

Defendant was convicted of robbery with a dangerous weapon. The evidence tended to show that he and an accomplice entered a shoe store, where defendant brandished a meat cleaver and demanded money. They obtained $70.82 in cash and fled.

From a judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Jo Anne Sanford, for the State.*

*Raiford & Harviel, by R. Chase Raiford, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in refusing his request for a *voir dire* to "qualify" an identification witness.

The general rule in this State is that the failure . . . to hold a *voir dire* examination and make findings of fact upon objection by a defendant to an in-court identification, while not approved, will be deemed harmless error where the record shows that the pretrial identification was proper or that the in-court identification of defendant had an origin independent from the pretrial identification.

*State v. Jordan,* 49 N.C. App. 561, 565, 272 S.E. 2d 405, 408 (1980). Nothing in the record suggests that the photographic lineups here were impermissibly suggestive. Further, the record establishes that the in-court identification had an origin independent of the pretrial identification. *See Neil v. Biggers,* 409 U.S. 188, 93 S.Ct.

375, 34 L.Ed. 2d 401 (1972); *State v. White,* 307 N.C. 42, 296 S.E. 2d 267 (1982); *State v. Dobbins,* 306 N.C. 342, 293 S.E. 2d 162 (1982). The identification witness viewed defendant on two occasions — the first when defendant was in the store without a mask for approximately three minutes prior to the robbery, and the second during the robbery. At the time of the robbery the witness saw defendant's face before defendant pulled a mask over it, and he stood approximately two feet from defendant during the robbery. He was able to describe defendant to the police; and within a two day period, before he saw any photographs, he was able to assist the police in preparing a composite drawing of defendant. Although he could not identify defendant from the first photographic lineup, in which the pictures were several years old, he readily identified him when shown more recent photographs.

While the failure to hold a *voir dire* in *State v. Jordan* was upon a general objection, and the failure to hold a *voir dire* here was upon a specific request, no reason for a different rule in the two situations appears. We thus hold that because the record shows no impropriety in the pretrial identification procedures, and provides ample evidence that the identification witness' in-court identification of defendant was independent in origin of the pretrial photographic lineups, the failure to hold a *voir dire* was harmless error. *State v. Jordan, supra; see also State v. Hamilton,* 298 N.C. 238, 243, 258 S.E. 2d 350, 353 (1979) (conceding findings of fact on admission of identification testimony insufficient, error harmless where record shows pretrial identification procedure was proper and in-court identification had independent origin).

We note further that, without objection, another employee of the store identified defendant as one of the robbers. "It is . . . well settled that the admission of testimony over objection ordinarily is harmless error when testimony of the same import is theretofore or thereafter introduced without objection." *State v. Blount,* 20 N.C. App. 448, 450, 201 S.E. 2d 566, 568, *cert. denied,* 285 N.C. 86, 203 S.E. 2d 59 (1974).

[2] Defendant contends the court erred on two occasions when it sustained its own objections to questions by defense counsel when the State had made no objections. On each occasion the court stated, "It's argumentative as phrased." Defense counsel then rephrased the questions and elicited the desired testimony.

The court has discretion to ban argumentative questioning. *State v. Satterfield*, 300 N.C. 621, 627, 268 S.E. 2d 510, 515 (1980).. We find no impropriety in the manner in which that discretion was exercised here. *See State v. Hughes*, 54 N.C. App. 117, 121, 282 S.E. 2d 504, 507 (1981). We further perceive no conceivable prejudice to defendant, since counsel was allowed to rephrase the questions and elicit the desired testimony.

[3] Defendant contends the court erred in admitting, over objection, a sweatshirt identified as the one he wore during the robbery. He argues that it was seized during a search pursuant to an invalid warrant.

Defendant was present when the sweatshirt was seized. The State gave him timely notice that it would be introduced at trial. Defendant made no pretrial motion to suppress, however, and thus waived his right to challenge its admission. G.S. 15A-975.

Further, to establish standing to object to introduction of this evidence, defendant had the burden of establishing that his personal rights were violated by the search and seizure. He had to demonstrate that the area searched was one in which he had a reasonable expectation of privacy. *See State v. Jones*, 299 N.C. 298, 306, 261 S.E. 2d 860, 865 (1980); *State v. Taylor*, 298 N.C. 405, 415-16, 259 S.E. 2d 502, 508 (1979).

The record indicates that the apartment searched was that of defendant's brother, and that defendant lived next door. Defendant has asserted neither a property nor a possessory interest in the premises searched, nor has he made a showing of other circumstances giving rise to a reasonable expectation of privacy therein. Thus, irrespective of the validity of the warrant, he has failed to establish his standing to object. *State v. Jones, supra.*

Defendant finally contends the court erred in not allowing an officer to testify on cross-examination that a defendant in a "physical lineup" would be advised of certain rights which are unavailable in a photographic lineup. Defendant, however, was not entitled to a "physical lineup." *State v. Williams*, 308 N.C. 357, 360-61, 302 S.E. 2d 438, 440 (1983). Absent a showing of prejudice, the identification procedure employed will be deemed appropriate under the circumstances. *Id.* No prejudice has been shown in the procedure employed here.

---

Defense counsel was entitled on cross-examination to expose to the jury the potential for error in the procedure employed. *See Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed. 2d 1247, 1253 (1968). This did not, however, entitle him to inquire into other procedures which conceivably could have been employed. The testimony sought concerned a matter of law not involved in the case being tried. It thus had, at best, "only tenuous relevance," and the court had discretion to exclude it. *State v. Satterfield, supra*, 300 N.C. at 627, 268 S.E. 2d at 515.

No error.

Chief Judge VAUGHN and Judge PHILLIPS concur.