STATE OF NORTH CAROLINA v. DONNIE LEE GODWIN AND JAMES WILLIAM HALL

No. 8312SC489

(Filed 17 April 1984)

1. Criminal Law § 89.3— prior statement of witness—admissibility for corroboration

    An officer's testimony that a cashier who had previously viewed a photographic lineup "stated that she had thought about this further and she was almost positive that this was the man that had held the gun on" the phar-

---

---

macist was not inadmissible hearsay but was properly admitted to corroborate the cashier's testimony.

**2. Criminal Law § 116— failure of defendant to testify—refusal to give requested instruction**

The trial court did not err in failing to give a requested jury instruction on defendant's failure to testify where the court gave the pattern jury instruction which clearly informed the jury of the law and gave the substance of the requested instruction. G.S. 15A-1232.

**3. Criminal Law § 92.2— consolidation of charges against two defendants—additional charge against one defendant—failure of other defendant to testify**

The trial court did not err in consolidating charges against defendant and a co-defendant for trial because defendant was charged with only armed robbery and the co-defendant was charged with armed robbery and misdemeanor possession of hydromorphone where there was evidence that the hydromorphone was taken in the robbery, and the possession charge was thus part of the same act or transaction as the robbery. Nor were the charges improperly consolidated on the ground that defendant's trial strategy was compromised by the co-defendant's failure to testify where defendant and the co-defendant did not raise any antagonistic defenses or try to shift the onus of criminal responsibility but offered mutually independent alibi defenses. G.S. 15A-926(b).

APPEAL by defendants from *Cornelius, Judge.* Judgment entered 10 December 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 6 December 1983.

Defendants were both charged with armed robbery; defendant Godwin was also charged with misdemeanor possession of hydromorphone. The State's evidence tended to show the following: A pharmacist and cashier had just opened up a drugstore for the day. Two men came in and one asked the pharmacist for information about gum troubles. The man, identified by both witnesses as defendant Godwin, then jumped on the counter and pulled out a gun. He pointed it at the pharmacist and demanded the store's "Dilaudids." Dilaudid is the trade name for hydromorphone, a powerful and addictive painkiller prescribed infrequently, usually for cancer patients. The other man, identified by both witnesses as defendant Hall, pulled a gun on the cashier and demanded she turn over the cash from the register. The robbers' demands were complied with; they fled with approximately 240 Dilaudid tablets and $144 in cash. Other eyewitnesses, two of whom knew both defendants, placed them and Godwin's car near the store at the time of the crime. Three days after the robbery, police stopped a car being driven erratically by defendant Godwin. A bottle containing

Dilaudid was found in the car. An investigation resulting from this evidence led to the arrest of Godwin and Hall for the armed robbery.

Defendant Hall presented evidence from himself, the woman he was living with and a babysitter, that he was with them at the time of the crime. The store employees had described Hall as having brown hair and a "Fu Manchu" mustache at the time of the robbery; he presented eight witnesses who testified they had known him before and since that he had always had red hair and never had a "Fu Manchu" mustache.

Defendant Godwin presented evidence from the woman he was living with that he had been at their trailer all morning on the day of the crime, and that she was there with him at the time the robbery occurred. The State's rebuttal evidence included testimony by the investigating officer that she had told him a different story the day of defendant Godwin's arrest.

Both defendants were found guilty as charged. Both received the statutory fourteen-year sentence for armed robbery. In addition, defendant Godwin received two years for the possession of hydromorphone, to run consecutively following the armed robbery sentence.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Joe Morris, for defendant appellant Hall.*

*James R. Parish, for defendant appellant Godwin.*

JOHNSON, Judge.

### DEFENDANT GODWIN'S APPEAL

[1] Defendant Godwin contends that the court improperly admitted hearsay testimony through the investigating officer. The officer testified that he had taken a photographic lineup to the store and that the cashier had tentatively identified Godwin. He returned later with the same lineup. Over defendant Godwin's objection, the officer then testified that the cashier "stated that she had thought about this further and she was almost positive that this was the man that had held the gun on" the pharmacist. The

cashier had earlier testified on direct that she was able to identify Godwin positively. On cross-examination she admitted that she wasn't sure that she identified him the first time she saw the lineup, but that she did identify him positively. The testimony objected to thus corroborated her testimony and was properly admitted. *State v. Burns,* 307 N.C. 224, 297 S.E. 2d 384 (1982). Assuming error, *arguendo,* defendant still must show prejudice. G.S. 15A-1443(a). The pharmacist testified repeatedly that he unequivocally identified defendant Godwin; in addition, the officer later repeated without objection substantially the same testimony concerning the cashier's statements. Defendant Godwin has thus failed to meet his burden and this assignment is overruled. *See State v. King,* 64 N.C. App. 574, 307 S.E. 2d 805 (1983).

[2]  Defendant Godwin also challenges the court's failure to give a requested jury instruction on his failure to testify. Defendant Hall presented many witnesses and testified himself. Godwin argues that the jury was impressed to his prejudice by this "striking" difference, and the court's failure to give his expanded instruction requires a new trial. The court gave the pattern jury instruction, which clearly informed the jury of the law and gave the substance of the requested instruction. That is all that is required by law. *See* G.S. 15A-1232. This assignment is overruled.

DEFENDANT HALL'S APPEAL

[3]  Upon oral motion of the prosecutor when defendant Hall's case was called for trial, the court joined his trial with defendant Godwin's. Defendant Hall assigns error. The prosecutor's motion was timely and in proper form. *State v. Slade,* 291 N.C. 275, 229 S.E. 2d 921 (1976). Whether to allow it was within the discretion of the court. *Id.* Defendant Hall argues that his trial strategy was unfairly compromised by Godwin's failure to testify. This argument has previously been rejected by this Court. *State v. Wilhite; State v. Rankin; State v. Rankin,* 58 N.C. App. 654, 294 S.E. 2d 396, *cert. denied and appeal dismissed sub nom. State v. Wilhite & Rankin,* 307 N.C. 129, 297 S.E. 2d 403 (1982). Defendant Hall also argues that the additional drug charge against Godwin made consolidation unfair. The chemical identity with the stolen drugs of the drugs found in Godwin's car, the short time interval between their discovery and the robbery, and the relatively rare use of the drugs, easily permit the conclusion that the possession

charge was part of the same act or transaction, G.S. 15A-926(b), and consolidation was thus proper. The defendants did not raise any antagonistic defenses or try to shift the onus of criminal responsibility. Instead, they offered mutually independent alibi defenses. We conclude that the court did not abuse its discretion in joining the cases. *See State v. Cook*, 48 N.C. App. 685, 269 S.E. 2d 743, *disc. rev. denied*, 301 N.C. 528, 273 S.E. 2d 456 (1980) (consolidation held proper where each defendant testified that the other shot victim).

Defendant Hall's other assignment challenges the sufficiency of the State's evidence, apparently for its failure to refute his substantial alibi and identification evidence. There was ample contradictory eyewitness evidence from which the jury could find him guilty, however. This assignment is, therefore, totally without merit.

Both defendants received a fair trial, free of prejudicial error.

No error.

Judges ARNOLD and PHILLIPS concur.