STATE OF NORTH CAROLINA v. ROBERT BRUCE MARLOWE

No. 845SC493

(Filed 5 March 1985)

1. **Larceny § 9— acquittal of breaking or entering—conviction of felonious larceny**

   The trial court did not err in entering a judgment for felonious larceny rather than misdemeanor larceny when defendant was acquitted of felonious breaking or entering and the court gave no instructions to the jury on fixing the value of the property stolen where the evidence showed that a second person was involved in the crimes, and the trial court instructed on acting in concert, since the jury could have found that defendant did not act together with the second person to break or enter but did act with him to commit larceny after the breaking or entering.

2. **Criminal Law § 163— necessity for objection to charge**

   By failing to object to the instructions given to the jury, defendant waived his right to assert an assignment of error to the instructions. App. Rule 10(b)(2).

APPEAL by defendant from *Barefoot, Judge*. Judgment entered 9 January 1984, in Superior Court, PENDER County. Heard in the Court of Appeals 11 February 1985.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Archie W. Anders for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender James A. Wynn, Jr., for defendant appellant.*

COZORT, Judge.

Defendant was indicted for felonious breaking or entering and felonious larceny pursuant to breaking or entering. The jury acquitted defendant of the breaking or entering charge, but convicted him of felonious larceny. The trial court instructed the jury on the law concerning property taken after a breaking or entering and on "acting with another," but did not instruct the jury that they were to fix the value of the property stolen. The primary question for our consideration is whether the trial court erred in accepting the verdict of guilty of felonious larceny, rather than treating it as a finding of guilty of misdemeanor larceny. We hold there was no error in the trial court's accepting the verdict of guilty of felonious larceny.

The evidence for the State tended to show the following: On 20 July 1983 at about 11:00 p.m., Hunter Tilghman, manager of the Red & White Food Store in Surf City, closed the store, locked the doors and turned on the security lights. Sometime between that time and 1:00 the next morning, Philip Olsinki, who was vacationing at Surf City with his family, walked near the Red & White as he and his daughter returned to their rented house after fishing most of the night at the Surf City Fishing Pier. He noticed a man acting suspiciously in the parking lot. They walked through the parking lot, and the man ran back to the store. Olsinki saw a large, old car parked at the back of the store, eight to ten feet from the back door, where the light was shining through a missing panel at the bottom of the right side door. He saw a second man inside the store handing out goods to the first man. Olsinki and his daughter walked on to their house. He stood outside where he could see the store while his daughter went upstairs to get his pistol and bullets. Olsinki loaded his pistol, got in his car and drove back to the store, while his wife and daughter went to a pay phone to call the police. Upon arriving at the back of the Red & White, Olsinki jumped out of his car and told the two men to stop what they were doing. The man on the inside handing things out ran through the store and escaped out another door. Olsinki held the pistol on the man outside until the police arrived and took custody of the man. Olsinki could not identify the man he captured as the defendant; however, Rick Slater, Captain of the Surf City Police Department, identified defendant as the man Olsinki was holding at gunpoint. Defendant gave his per-

mission for the police to search the car. Merchandise worth $120 was in the back seat and trunk of the car. Inside the store, about $620 worth of merchandise had been loaded into shopping carts. Olsinki never saw defendant enter the store, although he saw him reach through the door with his hands to receive some items from the man inside.

Defendant testified that on 20 July 1983 he was staying with Richard Whitfield and another friend at Whitfield's parents' beach house at Topsail. He had been sleeping while the other two drank beer and played cards. At about midnight, Whitfield awakened him and asked him to take him to the store to get some beer. Defendant drove Whitfield to the Red & White in Surf City. Whitfield told defendant he was going into the store, which was closed, and told defendant to drive around for awhile. Defendant testified that he realized Whitfield was going to break into the store to steal beer. He drove around for twenty minutes and drove to the back of the store, where Whitfield was standing next to the door with the hole in it. He tried to get Whitfield to leave. However, Whitfield asked him to help him get the beer. Defendant said he went along with Whitfield because he was staying at his house. Whitfield had gone back in the store when Olsinki came up and pulled the gun on him.

Defendant presents two assignments of error for our consideration: (1) Did the trial court err in entering a judgment of felonious larceny rather than misdemeanor larceny when the defendant was acquitted of felonious breaking or entering and when the court gave no instructions to the jury on fixing the value of the property stolen? and (2) Did the trial court err in failing to summarize the evidence as a part of its instructions to the jury?

[1] We hold there was no error in the acceptance of the jury verdict of guilty of felonious larceny. It has long been the general rule in this jurisdiction that "where a defendant is tried for breaking or entering and felonious larceny and the jury returns a verdict of not guilty of felonious breaking or entering and guilty of felonious larceny, it is improper for the trial judge to accept the verdict of guilty of felonious larceny unless the jury has been instructed as to its duty to fix the value of the property stolen." *State v. Keeter*, 35 N.C. App. 574, 575, 241 S.E. 2d 708, 709 (1978). *See also State v. Jones*, 275 N.C. 432, 168 S.E. 2d 380 (1969); *State*

v. *Hall*, 57 N.C. App. 561, 291 S.E. 2d 812 (1982); and *State v. Cornell*, 51 N.C. App. 108, 275 S.E. 2d 857 (1981). This general rule does not apply in the present case.

In *State v. Curry*, 288 N.C. 312, 218 S.E. 2d 374 (1975), the Court held that it was not error for the jury to find the defendant guilty of felonious larceny and not guilty of felonious breaking or entering, even though the trial court did not instruct the jury to fix the value of the property. The court charged the jury in *Curry* on aiding and abetting a felonious breaking or entering and aiding and abetting a felonious larceny after a breaking or entering. In that case, the Court stated that the jury could have found the defendant did aid and abet in committing the larceny after the principals had broken into the building, but did not aid and abet on the breaking or entering.

In *State v. Pearcy*, 50 N.C. App. 210, 211, 272 S.E. 2d 610, 611 (1980), this Court held that the rule in *Curry* "governs when the defendant is tried for acting in concert with others." In the present case the court instructed the jury that they could find the defendant guilty of felonious breaking or entering if they found beyond a reasonable doubt that "either acting by himself or together with another" he broke into and entered the store. It also instructed the jury using almost the exact same language, "acting either by himself or together with another," on the felonious larceny charge. We hold this case is governed by *Curry* and *Pearcy*. The court's instruction below on "acting . . . together with another" is comparable to the "acting in concert" instruction given in *Pearcy*. The jury could have found that defendant Marlowe did not act together with the second man to break or enter the Red & White, but did act together with him to commit larceny after the breaking or entering.

We also note that the U.S. Supreme Court has ruled that inconsistent verdicts in criminal trials need not necessarily be set aside because they can be viewed as a demonstration of the jury's leniency. That Court so ruled in 1932 when it upheld the jury's conviction of maintaining a common nuisance by keeping for sale at a specified place intoxicating liquor, while the jury acquitted the defendant of unlawful possession of intoxicating liquor and unlawful sale of liquor. *Dunn v. U. S.*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). This rule was reaffirmed on 10 December

1984 when the U.S. Supreme Court upheld a jury conviction of using the telephone in committing and in causing and facilitating certain felonies. The felonies involved included the conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. The same jury acquitted defendant of the underlying conspiracy and possession charges. In upholding the conviction, the Supreme Court stated: "The fact that the inconsistency may be the result of lenity, coupled with the Government's inability to invoke review, suggests that inconsistent verdicts should not be reviewable." *United States v. Powell*, 469 U.S. ---, ---, 105 S.Ct. 471, 477, 83 L.Ed. 2d 461, 469 (1984). The rule on inconsistent verdicts established by *Dunn* was recognized by this Court in *State v. Barnes*, 30 N.C. App. 671, 228 S.E. 2d 83 (1976).

[2] Defendant's second contention that the trial court's failure to summarize the evidence constituted reversible error also lacks merit. Defendant concedes in his brief that he failed to object to the instructions given to the jury. Defendant has thus waived his right to assert an assignment of error to the jury instructions, pursuant to Rule 10(b)(2) of the Rules of Appellate Procedure. *State v. Bennett*, 308 N.C. 530, 302 S.E. 2d 786 (1983). Nevertheless, we have reviewed the record and find that the court's charge, though not a model to be followed, was a sufficient statement of the evidence. *State v. Best*, 265 N.C. 477, 144 S.E. 2d 416 (1965). Here, as in *Best*, the evidence was simple, direct, and uncomplicated. Furthermore, defendant denied nothing. This assignment of error is overruled.

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.