STATE OF NORTH CAROLINA v. ALVIN C. WEAVER

No. 8527SC737

(Filed 4 February 1986)

**1. Criminal Law § 34.1— evidence of other crimes—prejudicial error**

    In a prosecution for breaking and entering and larceny, the trial court committed prejudicial error in admitting testimony by a witness that he had bought "hot tools" from defendant on a date prior to the date in question and that he had been buying tools from defendant for the previous eight years. Evidence that defendant had sold tools to the witness in the past did not prove a plan to steal tools from the victim in this case. N.C.G.S. 8C-1, Rule 404(b).

**2. Larceny § 8— felonious larceny—failure to instruct on misdemeanor larceny**

    The trial court in a felonious larceny case did not err in failing to instruct on the lesser included offense of misdemeanor larceny where all the evidence showed that property was taken pursuant to a breaking or entering of a building. N.C.G.S. 14-54; N.C.G.S. 14-72(b).

**3. Larceny § 9— acquittal of breaking or entering—conviction of felonious larceny**

    The trial court properly accepted a verdict convicting defendant of felonious larceny even though he had been acquitted of felonious breaking or entering where the trial court had instructed the jury on guilt based upon the acting in concert theory.

    Judge ARNOLD dissenting.

    Judge WELLS concurring in the result.

APPEAL by defendant from *Lamm, Judge*. Judgment entered 14 March 1985 in Superior Court, GASTON County. Heard in the Court of Appeals 10 December 1985.

Defendant was tried for felonious breaking or entering, felonious larceny and felonious possession of stolen goods. The State's evidence showed that on 4 November 1984, Buddy Edison discovered that someone had broken into his storage building. The items taken included a chain saw in a red carrying case and a socket set. Later that evening Mr. Edison identified his chain saw and carrying case at the police station.

The police had recovered the chain saw because of information supplied by Carl Rutledge, an informant. On 4 November 1984, Rutledge called the police and told them a person named Alan had called him about selling two chain saws and a drill. The

police then gave Rutledge several marked bills to purchase these items.

Carl Rutledge testified that he then went to defendant's trailer in Bessemer City. The defendant and his brother were at the trailer. When Rutledge arrived defendant left the room and returned with the chain saws and the drill. Rutledge bought the items and gave defendant's brother the marked money. He then took the items to the police. The police obtained warrants and arrested defendant and his brother. A search conducted pursuant to the arrest revealed that both the defendant and his brother had the marked money in their possession. Rutledge also testified that he had purchased "hot tools" from defendant on 29 October 1984 and tools from the defendant on other occasions prior to the occasion in question.

The defendant presented evidence from his brother that it was the brother who had committed the Edison break-in and that the defendant was not involved in any way. The witness also testified that the informant was a dealer in stolen goods and that it was he and not the defendant who had dealt with him on earlier occasions. The brother further testified that he had given defendant $150 on the day of the arrest for baby-sitting for his children. The defendant also presented evidence that Rutledge testified to escape prosecution for other breaking or entering offenses.

The jury found defendant guilty of felonious larceny. From a judgment sentencing him to the maximum term of imprisonment, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Karen E. Long, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

WEBB, Judge.

[1] The defendant assigns error to the admission of testimony by Carl Rutledge that he had bought "hot tools" from him on 29 October 1984 and that he had been buying tools from the defendant for the previous eight years. He argues that this evidence should have been excluded under G.S. 8C-1, Rule 404(b) which provides:

---

---

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

The admission of evidence of other crimes or wrongs in criminal trials has been treated in many cases. In *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954) our Supreme Court held it was error in a trial for prostitution to admit evidence that after the assignation the defendant went to the room of the man who had been with her and took money from his wallet. The Supreme Court stated the general rule to be "in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed a distinct, independent, or separate offense." *Id.* at 173, 81 S.E. 2d at 365. It listed eight exceptions to the rule and said the evidence in that case did not fit any of the exceptions.

In H. Brandis, *Brandis on North Carolina Evidence* § 91 (1982) the admission of evidence as to other crimes is discussed. The author says that by using the exceptions approach of *McClain*, cases have been decided which simply ignore the proper rule. He states the rule to be without exceptions as follows:

> Evidence of other offenses is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime.

Examples of what may be proved by proof of other crimes are listed in *Brandis* § 92.

We believe that with the passage of Rule 404(b) the General Assembly intended to use the approach suggested in *Brandis*, that is that we have a rule with no exceptions. The State relying on *State v. Williams*, 308 N.C. 357, 302 S.E. 2d 438 (1983) and *State v. Hunter*, 290 N.C. 556, 227 S.E. 2d 535 (1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed. 2d 539 (1977), argues that the evidence that defendant committed other crimes proves a

State v. Weaver

plan to commit the crime with which he was charged. In *Hunter* our Supreme Court used the exceptions approach and held that evidence of other crimes was admissible under the sixth exception listed in *McClain* which says, "[e]vidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission." *McClain, supra,* at 176, 81 S.E. 2d at 367. In *Hunter* testimony was admitted that the defendant had organized a group which had committed a series of break-ins. A man had been killed in one of them and the defendant was tried as an accessory before the fact for the murder. The Supreme Court said the evidence "tended to establish a common plan or scheme embracing the commission of a series of larcenies so related to each other that proof of these other crimes tended to prove the crime charged . . . ." *Hunter, supra,* at 573, 227 S.E. 2d at 546.

In *Williams, supra* the defendant was tried for rape. Testimony was received that three days after the offense he was arrested peeping into the window of an occupied dwelling. The Supreme Court used the exceptions approach and quoted from the sixth exception of *McClain.* We do not believe testimony that the defendant was arrested for being a peeping tom three days after the rape for which he was tried tended to show a common plan "embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged . . . ." There was evidence in *Williams* that a screwdriver found at the scene at which defendant was arrested connected him with the rape. We believe this made testimony admissible of the manner in which the screwdriver was found which would include testimony of his arrest. We do not believe that *Williams* is precedent for the admissibility of evidence of a separate crime as part of a plan.

G.S. 8C-1, Rule 404(b) says one purpose for which evidence of other crimes may be admitted is to prove a plan. We do not believe that evidence that the defendant had sold tools to Carl Rutledge in the past proves a plan to steal tools from Buddy Edison. It was error to admit this testimony. We cannot say this testimony did not affect the outcome of the trial. We hold it was prejudicial error requiring a new trial. We believe *Hunter* is

distinguishable. In that case the State proved there was a series of crimes pursuant to agreements between the defendant and other persons.

[2] The defendant next contends the court erred by failing to instruct on the lesser included offense of misdemeanor larceny. G.S. 14-72(b) provides that "[t]he crime of larceny is a felony, without regard to the value of the property in question, if the larceny is . . . [c]ommitted pursuant to a violation of . . . G.S. 14-54 . . . ." G.S. 14-54 is the statute making it a crime to break or enter a building. All the evidence presented showed that the chain saw was taken pursuant to a breaking or entering, thus, it was not error to refuse to instruct on misdemeanor larceny.

[3] Finally defendant contends the court erred by accepting the felonious larceny verdict because it was inconsistent with his acquittal on the breaking or entering charge. In *State v. Marlowe,* 73 N.C. App. 443, 326 S.E. 2d 351 (1985), this Court held that it was proper to convict a defendant of felonious larceny even though he had been acquitted of felonious breaking or entering when the trial court had instructed the jury on guilt based upon the acting in concert theory. The *Marlowe* decision was based upon the decision in *State v. Curry,* 288 N.C. 312, 218 S.E. 2d 374 (1975), and *State v. Pearcy,* 50 N.C. App. 210, 272 S.E. 2d 610 (1980), *review denied,* 302 N.C. 400, 279 S.E. 2d 355 (1981). The court charged on acting in concert in this case, thus we find no inconsistency in the jury verdicts.

New trial.

Judge ARNOLD dissents.

Judge WELLS concurs in the result.

Judge ARNOLD dissenting.

I dissent. I do not believe the court erred in allowing Carl Rutledge to testify regarding his prior dealings with the defendant. Defendant argues that this evidence should have been excluded pursuant to Rule 404(b) of the Rules of Evidence.

G.S. 8C-1, Rule 404(b) in pertinent part provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

This is consistent with prior North Carolina practice. *See*, Commentary to Rule 404(b) of the Rules of Evidence. In *State v. McClain*, 240 N.C. 171, 176, 81 S.E. 2d 364, 367 (1954), our Supreme Court stated that "[e]vidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crimes charged and to connect the accused to its commission." I do not believe that this law was changed by the passage of G.S. 8C-1, Rule 404(b) of the Rules of Evidence. I believe the evidence complained of tended to show that defendant was involved in a scheme or plan to steal tools and sell them to the informant Rutledge. This evidence is especially relevant in view of defendant's contention that it was his brother who was responsible for the larceny of Mr. Edison's chain saw. I believe that the evidence was properly admitted under the law set forth in *McClain* and Rule 404(b) of the Rules of Evidence. Thus, I find no error in defendant's trial.

Judge WELLS concurring in the result.

I concur that at least part of the evidence of defendant's other acts or conduct was inadmissible and was prejudicial. I refer to the informant's testimony that he had been dealing with defendant for eight years.

I am not persuaded that the enactment of N.C. Gen. Stat. § 8C-1, Rule 404(b) of the Rules of Evidence has substantially changed the law of this State as set out in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954) and its progeny. Although *McClain* has certainly not been uniformly applied, *see State v. Streath*, 73 N.C. App. 546, 327 S.E. 2d 240, *disc. rev. denied*, 313 N.C. 513, 329 S.E. 2d 402 (1985), our appellate courts continue to provide helpful guides to its application. For example, on the point of common plan or scheme evidence, our Supreme Court has stated in two re-

cent cases that our trial courts should be cautious in allowing such evidence:

> . . . before this exception can be applied, there must be shown some unusual facts present in both crimes or particularly similar acts which would indicate that the same person committed both crimes. [Citations omitted.] To allow the admission of evidence of other crimes without such a showing of similarities would defeat the purpose of the general rule of exclusion. [Citations omitted.]

*State v. Moore*, 309 N.C. 102, 305 S.E. 2d 542 (1983). *See also State v. Hyman*, 312 N.C. 601, 324 S.E. 2d 264 (1985), where the court stated: "Evidence offered to show the existence of a common plan or scheme must be carefully examined to insure that it is relevant to show a common design and not merely to show the defendant's propensity to commit the offense charged."

Since defendant denied that he was the offender in these cases and put the identity of the offender at issue, I would allow the evidence that defendant sold the informant "hot tools" only a few days prior to the commission of the offenses charged in these cases as being relevant to establish the identity of defendant as the offender in these cases. *See Streath, supra.*

For the reasons stated, I concur that defendant should have a new trial.